Jacqueline POUSSARD, et al.

v.

**COMMERCIAL CREDIT PLAN, INCOR-
PORATED OF LEWISTON.**

Supreme Judicial Court of Maine.

Argued May 7, 1984.

Decided June 29, 1984.

Howard T. Reben (orally), Portland, Paul A. Wescott, Howell Laboratories, Inc., Bridgton, Harry R. Pringle, Kathleen Barry, Portland, for plaintiffs.

Jensen, Baird, Gardner & Henry, Merton G. Henry (orally), Michael A. Nelson, Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

The defendant, Commercial Credit Plan, Incorporated of Lewiston (Commercial), appeals from a judgment of the Superior Court (Cumberland County) awarding attorney's fees and costs to plaintiffs for the prosecution of a consumer loan action.[1] Commercial challenges the award of fees and costs, arguing alternatively, that the award is not authorized on the facts presented and, even if authorized, the

award constitutes an abuse of discretion. Plaintiffs cross-appeal asserting error in the exclusion from the award of legal services rendered in connection with certain class action issues involved in the litigation. We deny both the appeal and cross-appeal.

## I.

Plaintiffs commenced the present action in February of 1974, on behalf of themselves and a similarly situated class of persons who had obtained loans from defendant. They sought damages and injunctive relief for defendant's alleged violations of the statutes governing industrial loan companies, 9 M.R.S.A. § 2345 (1964 & Supp. 1974–1975),[2] the maximum legal interest rates, 9 M.R.S.A. § 229 (Supp.1974–1975),[3] as well as the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 206 et seq. (1964 & Supp.1974–1975), and the federal and state Truth-in-Lending Acts, 15 U.S.C. § 1601 et seq. (1982), and 9 M.R.S.A. § 3901 et seq. (Supp.1974–1975).[4] Plaintiffs alleged that defendant charged excessive rates of interest and committed other deceptive loan practices in violation of the above cited statutory provisions.

On March 22, 1978, a justice of the Superior Court certified a class action as to claims arising under the industrial loan law, 9 M.R.S.A. § 2345, but denied class certification as to the remainder of plaintiffs' claims. The certification required plaintiffs to notify the members of the class at their own expense and upon their failure to comply, defendant's motion for decertification of the class was granted on October 17, 1978. The four named plaintiffs then amended their complaint on July 26, 1979, deleting the class action allegations. Defendant answered and counterclaimed seeking to recover principal and

---

1. Plaintiffs Jacqueline and Harvey Poussard entered into financing transactions with defendants involving the sum of $886.70 on October 3, 1972, and $954.20 on March 7, 1973. Plaintiffs Beverly and Stuart Worthing financed the sum of $2,680.58 on August 27, 1972.

2. Currently found at 9–B M.R.S.A. § 913 (1980).

3. Repealed by P.L.1973, ch. 762, § 2 (effective January 1, 1975).

4. Currently found at 9–A M.R.S.A. § 7–101 et seq. (1980).

interest on the loan transactions, together with the costs of collection.

On January 18, 1983, settlement was achieved by the entry of a stipulated judgment on the docket. The stipulation resulted in the entry of judgment in favor of the plaintiffs jointly for the sum of $1,000.00. The promissory notes that formed the basis of plaintiffs' lawsuit were marked "paid in full" and were returned to plaintiffs. Defendant's counterclaim was dismissed. Finally, the judgment recites that plaintiffs may petition the court for attorney's fees and costs.

On February 18, 1983, plaintiffs filed a motion for attorney's fees, with supporting affidavits. Plaintiffs requested $30,246.00 in attorney's fees, enhanced by a 20% multiplier and $330.29 in costs. After hearing, the Superior Court awarded plaintiffs $20,-000.00 in attorney's fees and $330.29 in costs. The Superior Court expressly refused to consider the time and effort plaintiffs' counsel expended in attempting to gain and implement class certification. This appeal and cross-appeal followed.

## II.

■ It is established law in Maine that except for certain types of tortious conduct, courts have no authority to award attorney's fees to a litigant in the absence of statutory authorization or agreement by the parties. *See Vance v. Speakman*, 409 A.2d 1307, 1311 (Me.1979); *Thiboutot v. State*, 405 A.2d 230, 238 (Me.1979), *aff'd*, 488 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). In recent years the legislature has seen fit to include a provision for attorney's fees in various enactments relating to consumer and civil rights. A complex analysis results when non-fee claims are joined with fee-claims in a single action. The complexity is heightened when, as in the case before us, the action is terminated by a settlement or stipulated judgment which does not differentiate between the claims and leaves open the question of attorney's fees. Although the methods of analysis employed by this Court and the federal

courts in civil rights litigation involving 42 U.S.C. §§ 1983 and 1988, are not directly controlling, the analogy is useful and appropriate to the extent that the various provisions for attorney's fees are designed to aid in the effective enforcement of the acts in question.

■ All of the statutory causes of action asserted by plaintiffs include an allowance for counsel fees, with the sole exception of the claim asserted under the statute regulating industrial loan companies. In the first instance Commercial contends that the award of fees is barred by the fact that there has never been a judicial determination that plaintiffs are successful parties on any of the fee-claims. Even if we were to disregard the fact that a judgment has been entered in favor of the plaintiffs in this case, we have previously held that a prevailing party may recover attorney's fees under 42 U.S.C. § 1988 even though the lawsuit is settled by consent decree. *Wyman v. Inhabitants of the Town of Skowhegan*, 464 A.2d 181 (Me.1983). Reason does not support the application of a contrary rule when dealing with the consumers' rights statutes involved here. To hold otherwise would compel either the submission of each case to a full trial for the purpose of effectuating the fee provision or the loss to the consumer of the full measure of protection afforded by the legislature. We reject the notion that a judicial determination is essential to the attainment of the status of a prevailing party.

■ Commercial next contends that although the plaintiffs may have prevailed, the essence of their lawsuit was a claim for excessive interest charges in violation of both the industrial loan law and the law governing maximum legal interest rates, 9 M.R.S.A. § 229. It argues that this fact was implicitly confirmed by the Superior Court's action in certifying a class action with respect only to the claim under the industrial loan law. Defendant accuses plaintiffs of "bootstrap[ping] a claim for attorney's fees by piling three fee claims on top of their essential non-fee claim."

There are a number of defects in Commercial's position. First, even if we accept defendant's definition of the essence of the lawsuit, the statute governing maximum legal interest rates contains a provision for attorney's fees.[5] Second, the Superior Court's refusal to certify a class on the fee-claims advanced by plaintiffs does not support the conclusion that those claims were lacking in merit or were not part of the essence of the lawsuit. The Superior Court explained its decision by expressly noting that those claims provided for an award of attorney's fees and therefore that individual litigants had sufficient incentive to bring suit on their own without the encouragement offered by a class action. Finally, the justice presiding on the motion for attorney's fees stated in his order that "the court cannot find that plaintiffs' claims under the Maine Truth-in-Lending Law and the Unfair Trade Practices Act (both of which provide for attorney's fees) are insubstantial or devoid of merit." Commercial does not argue that the conclusion of the justice is erroneous nor does it argue that such claims are factually lacking in merit. We conclude that plaintiffs are, indeed, prevailing parties, and that the litigation in which they prevailed included fee-claims of substance as well as the non-fee claim under the industrial loan law. *Cf. Jackson v. Inhabitants of Town of Searsport*, 456 A.2d 852, 855 (Me.1983) (discussing "substantiality" requirement as developed under 42 U.S.C. § 1988 in pendent claims actions).

### III.

■■ The parties are in agreement that the Superior Court's determination of a reasonable fee is to be reviewed only for abuse of discretion and that the court's factual findings are final unless demonstrated to be clearly erroneous. Likewise there is agreement that the court correctly relied on the factors listed in *Johnson v.*

*Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974) in determining a reasonable fee. As stated by the Superior Court those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

■ The Superior Court made the following findings of fact with regard to certain of the relevant factors:

At the time the case was commenced, the propriety of these kinds of credit arrangements and the statutes governing credit transactions raised novel and complex questions. The court is aware that plaintiffs' counsel was active in these matters, has an excellent reputation in the field, and is very competent in representing clients in this area. The court also feels that the hourly rates charged by plaintiffs' counsel were comparable to those charged by other attorneys in the community. In addition, the court recognizes that some additional administrative time was required in this case because the justice, to whom the case had been specially assigned, died during the litigation.

Commercial does not disagree with the court's choice of applicable law nor with the findings set forth above but, rather, urges us to find an abuse of discretion in the court's application of the law to the facts in this case.

---

**5.** We note that only the Worthings' claim would satisfy the requirement that the loan exceed $2,000.00 in order for section 229 to apply.

Plaintiffs' counsel submitted affidavits in support of the motion indicating that counsel spent in excess of 550 hours in prosecuting the action. Plaintiffs requested $30,246.00 in attorney's fees, enhanced by a 20% multiplier and $330.29 in costs. The Superior Court held that defendant Commercial should not be held responsible for the fees associated with work performed on the class certification issue. The justice reasoned that since a class was never certified as to the fee-related claims, the proposed class members could not be considered "successful" as to those claims. Accordingly, the justice awarded fees only for the services performed by counsel on the individual actions and found $20,000.00 plus costs to be reasonable compensation. It is the thrust of defendant's position that the justice abused his discretion in determining reasonable fees for the remaining non-class work. We are not persuaded that an abuse of discretion has been demonstrated.

The affidavits submitted to the Superior Court are not broken down into class and non-class components and the likelihood of a totally accurate division is minimal. Legal services are rarely performed with regard to discrete and identifiable claims within a multi-claim complaint. Ordinarily the claims are intertwined and are advanced collectively in the hopes of achieving the maximum recovery under any possible theory of liability. In the present case it is not possible to determine whether each entry listed in the affidavit relates to class or non-class issues. Notwithstanding that fact, however, the reasonableness of the court's award is easily demonstrated. It is possible to determine from the affidavits the number of hours spent prior to plaintiffs' motion for maintenance of a class action and the number of hours spent subsequent to the decertification order. Such an analysis makes the unlikely assumption that none of the services rendered in the interim related to the non-class action. Nevertheless, the result suggests that approximately one half of the total hours were devoted to the non-class action.

The total hours of non-class work derived by this process bears a reasonable relationship to the award entered by the court. Defendant does not challenge the reasonableness of the hourly rate. With regard to the other factor in the equation, the number of hours reasonably spent in prosecuting the action, defendant has failed to demonstrate an abuse of discretion or any clearly erroneous factual finding.

■ The mathmatical calculation, however, does not lead unerringly to the end result. As the Supreme Court observed in *Hensley v. Eckerhart*, 461 U.S. 424, ——, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40, 51 (1983):

> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead ... [a] court to adjust the fee upward or downward, including the important factor of the 'results obtained'.

Commercial calls our attention to the fact under the Truth-in-Lending Act, 9 M.R.S.A. § 3922(1)(A) the maximum amount which plaintiffs could have received was $1,000.00, which was in fact the amount received jointly by the four plaintiffs in settlement. Defendant argues that a substantial downward adjustment is mandated so that the fee is not disproportionate to the amount of recovery obtained. Among the factors referred to in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) is the amount of time involved and the results obtained. The Supreme Court in *Hensley*, 461 U.S. at ——, 103 S.Ct. at 1941, 76 L.Ed.2d at 52 describes the "degree of success obtained" as the most critical factor in deciding whether the hours reasonably expended are a satisfactory basis for making a fee award. If plaintiffs' claim was limited to the Truth-in-Lending Act and the result was confined to a $1,000.00 recovery it would be necessary to carefully scrutinize the reasonableness of the award. However, as the Superior Court noted, plaintiffs were also relieved of any obligation to repay principal, interest,

default charges, attorney's fees and costs of collection. The actual amount of recovery obtained, more clearly approximates $10,000.00. Given the complexity of the case and the other factors found by the court, the ratio between recovery and fees is not so disproportionate as to compel the rejection of the number of hours expended as the basis for the fee.[6] The Superior Court did not abuse its discretion in this regard. The award is not "so high as to constitute an unmistakable windfall." *Hensley*, 461 U.S. at ——, 103 S.Ct. at 1950, 76 L.Ed.2d at 64.

## IV.

On their cross-appeal plaintiffs dispute the exclusion from the fee award of the services performed on the class action. Their primary argument is based on *Webb v. County Board of Education of Dyer County, Tennessee*, 715 F.2d 254 (6th Cir. 1983), a case involving employment discrimination. In *Webb*, the Court of Appeals refused to reduce an attorney's fee award alleged by the defendant to have been "unreasonable" under the *Hensley v. Eckerhart* standard where the plaintiff had made "class-related" allegations in his complaint, but settled for individual relief without prosecuting the "class-related" claims. The Court of Appeals refused to adopt a rule that would require a reduction in an attorney's fee award merely because class action claims are not pursued to a conclusion. The holding in *Webb* does not establish an immutable principle of law, but rather, supports the notion of appellate deference to a discretionary ruling of the trial court.

Plaintiffs also rely on *Postow v. OBA Federal Savings and Loan Ass'n*, 627 F.2d 1370 (D.C.Cir.1980), a consumer suit prosecuted under the federal Truth-in-Lending Act, where the court held that the plaintiff class was entitled to attorney's fees associated with work performed on both counts

of a two count complaint, even though the class was unsuccessful on its claim under Count I. Plaintiffs in the present case, were unsuccessful in establishing the class. They were unsuccessful as to "parties," not as to "counts" and the excluded fees were generated by services performed on behalf of those unsuccessful parties.

The issue of attorney's fees is committed to the sound discretion of the trial court, subject only to review for abuse of discretion. Plaintiffs had

> the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked, ... and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.

*Hensley*, 461 U.S. at ——, 103 S.Ct. at 1941, 76 L.Ed.2d at 53. Given the broad discretion accorded to the trial court to determine reasonable attorney's fees and the difficulty in measuring hours *reasonably* expended in advancing the client's interests, we find no error in the Superior Court's award.

The entry shall be:

Judgment affirmed.

All concurring.

---

**6.** We note that the Unfair Trade Practices Act provides that a reasonable fee is to be awarded "irrespective of the amount in controversy." 5 M.R.S.A. § 213(2). It is apparent that the legislature intended to encourage litigation which might otherwise be prohibited by economic considerations, in order to vindicate important public interests.