**Linda ROSEN**

v.

**James ROSEN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 4, 1994.
Decided Dec. 15, 1994.

---

Daniel L. Cummings, Norman, Hanson & DeTroy, Portland, for plaintiff.

Ronald P. Lebel, Peter B. Dublin, Rocheleau, Fournier & Lebel, P.A., Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

WATHEN, Chief Justice.

Plaintiff Linda Rosen appeals from an order of the Superior Court (Cumberland County, *Goranites, J.*) requiring her former husband, defendant James Rosen, to pay only $900.00 of the $6,890.00 in attorney fees that she incurred in an action for post-judgment relief from a divorce decree. Contrary to plaintiff's contention, the court did not abuse its discretion by considering her conduct in awarding attorney fees. We affirm the judgment.

The record discloses that since their divorce in 1990, both parties have filed numerous post-judgment motions. In the most re-cent instance, the court found that plaintiff contributed to the need for the filing of the motion and adjusted the award of attorney fees. Plaintiff does not challenge the court's factual finding that she acted "in such a manner as to annoy and cause great anxiety to defendant, unnecessarily disrupt the children's schooling, and potentially impact the quality and character of defendant's well-planned and extensive arrangements to have meaningful visitation and contact with his children." She argues that as a matter of law, a court may not consider factors other than the relative financial positions of the parties in determining an award of attorney fees. We disagree.

Beyond authorizing an award of reasonable attorney fees, the legislature has left the decision whether to make such an award, and the determination of what constitutes a reasonable fee, to the discretion of the trial court in the first instance. 19 M.R.S.A. § 722(3) (1981).[1] Appellate review serves to regulate the exercise of the trial court's discretion, but thus far our guidelines for making an award of attorney fees have been general. We have stated "[i]n awarding attorney fees, the court is to consider the parties' relative capacity to absorb the costs of litigation." *Harding v. Murray*, 623 A.2d 172, 177 (Me.1993). Although the parties' relative financial position is important and must be considered, we have never limited the scope of the trial court's discretion to that single factor. The goal, to make an award that is fair and just under the circumstances, obviously requires consideration of all relevant factors. We have identified a number of factors that may be considered in determining a reasonable fee, once the court elects to make an award. *See Poussard v. Commercial Credit Plan*, 479 A.2d 881, 884 (Me.1984).[2] Thus, in deciding whether to

1. The statute provides that: "When making a final decree, the court may order a party charged with the payment of support, alimony or money in place of alimony to pay reasonable counsel fees. Counsel fees awarded in the nature of support may be made payable immediately or in installments." 19 M.R.S.A. § 722(3) (1981).

2. Those factors are: "(1) the time and labor required; (2) the novelty and difficulty of the question presented; (3) the skill required to per-form the legal services; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the

award attorney fees and in deciding what amount will be awarded the trial court has discretion to consider all factors that reasonably bear on the fairness and the justness of the award.

Here, the record demonstrates that the court considered the relative financial positions of the parties, the factors set forth in *Poussard,* and plaintiff's conduct that contributed to the filing of the action. Based on these factors, the court determined that an award of substantial attorney fees would be unfair and unjust. On this record, we cannot say that the judgment represents an abuse of discretion.

The entry is:

Judgment affirmed.

All concurring.

client; (12) awards in similar cases." *Poussard,* 479 A.2d at 884.