STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-07-597

DONALD L. GARBRECHT
LAW LIBRARY

JUN 19 2008

JORDAN'S FLORAL & GIFTS INC.,

        Plaintiff,

                                                  STATE OF MAINE
                                                  Cumberland, ss, Clerk's Office
                                                  SUPERIOR COURT

                                                  MAY 27 2008

        v.                              ORDER

DAVID W. GUILMETTE, et al.,

        Defendants.                               RECEIVED


        Before the court are three motions:  (1) a motion by plaintiff Jordan's Floral &

Gifts Inc. (Jordan's Floral) for partial summary judgment on its claim of illegal eviction;[1]

(2) a motion by third party defendants Rodney and Nancy Konkel to dismiss the third

party complaint as against them; and (3) a motion by Jordan Floral to amend its

complaint to add a claim for defamation.


1.      Jordan's Floral's Motion for Partial Summary Judgment

        Summary judgment should be granted if there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law.  In considering a

motion for summary judgment, the court is required to consider only the portions of the

record referred to and the material facts set forth in the parties' Rule 56(h) statements.

E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704.  The facts must be considered

in the light most favorable to the non-moving party.  Id.  Thus, for purposes of

summary judgment, any factual disputes must be resolved against the movant.

Nevertheless, when the facts offered by a party in opposition to summary judgment

---

[1] Associated with this motion is a motion by Jordan Floral for leave to file late reply papers in
support of its motion for summary judgment.  That motion will be addressed in the discussion
of the summary judgment motion.

would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

As a preliminary matter, the court would note that there are deficiencies in the summary judgment filings by plaintiff. Some of the record citations by plaintiff are to affidavits generally, rather than to the specific paragraphs relied on. *See* M.R.Civ.P. 56(h)(4). In addition, much of plaintiffs' statement of material facts consists of legal argument rather than factual assertions. Moreover, defendants filed their opposition to summary judgment on December 19, 2007 and plaintiff did not file any reply papers until January 25, 2008 – well beyond the 7 day time limit on reply papers.[2] After defendants pointed out that this filing was untimely, Jordan Floral filed a motion on February 19, 2008 for an extension of time.

The court denies Jordan Floral's belated motion for an extension of time in which to file reply papers. In the alternative, however, the court has also reviewed the reply papers. Those reply papers are also deficient under the rules in certain respects.[3] Even overlooking those deficiencies, the court concludes there is a disputed issue as to whether an illegal eviction occurred.

---

[2] The court file reflects that while defendants filed their opposition to Jordan Floral's summary judgment motion with unexecuted copies of defendants' affidavits, executed copies were sent in a day later. The cover letter indicates that copies were sent to plaintiff's counsel at that time. If plaintiff's counsel did not receive those copies, his remedy was to complain to the court or seek an extension of the deadline for filing reply papers. No such extension was sought at that time.

[3] Plaintiff's January 25, 2008 response to defendants' opposition to the motion for partial summary judgment does not include a separate, short, and concise reply statement of facts. *See* M.R.Civ.P. 56(h)(3). Although plaintiff's response does discuss defendants' SMF in the course of its legal argument, plaintiff does not "admit," "deny," or "qualify" defendants' factual statements and in some cases does not support its contentions with record citations. *See id.* Finally, to the extent that Jordan's Floral has offered factual material in its reply papers, the court cannot base summary judgment on additional facts offered in reply papers to which the Guilmettes have not had an opportunity to respond.

2

Specifically, while it is undisputed that defendants David and Judith Guilmette changed one set of locks – which certainly supports a claim of illegal eviction, *see* 14 M.R.S. § 6014(1)(B) – the Guilmettes have submitted affidavits stating that Jordan's Floral and its proprietors still had access to the premises through another entrance as to which the locks were not changed. Just because the locks were not changed at another entrance does not necessarily mean that, under the totality of the circumstances, there was not a denial of access constituting an illegal eviction. However, depending on the circumstances and given that on summary judgment the court must construe the facts in the light most favorable to the party opposing summary judgment, there is a disputed issue for trial on this subject.

2.    Konkels' Motion to Dismiss

Although the Konkels' motion is denominated as a motion to dismiss, both parties have submitted motions outside the pleadings and the court will treat the motion as a motion for summary judgment. Moreover, both parties have submitted statements of material facts in connection with the motion.

The premise of the motion is that Rodney and Nancy Konkel cannot be held personally liable on the claims asserted in the third party complaint and that the Guilmettes' sole remedy lies against their corporation, Jordan's Floral and Gifts Inc.[4] The Guillmettes contend that the Konkels signed the lease in their individual capacities along with Jordan's Floral and that the Konkels also signed personal guarantees that would subject them to personal liability.

---

[4] In the court's view the Konkels more properly qualify as additional parties on a counterclaim rather than third party defendants. *Compare* M.R.Civ.P. 13(h) *with* M.R.Civ.P. 14(a). However, this issue has not been raised, and the court does not see any prejudice to the Konkels resulting from their designation as third party defendants rather than additional parties on the counterclaim pursuant to M.R.Civ.P. 13(h) and M.R.Civ.P. 20(a).

3

With respect to the lease, the court finds that the lease is not ambiguous and that the first paragraph of the lease defines the "lessee" as Jordan's Floral & Gifts Inc. and Rodney and Nancy Konkel. Although "lessee" is used in the singular throughout the document, the inclusion of Rodney and Nancy Konkel as "lessee" is confirmed by the signature page, on which both Rodney and Nancy's signatures appear on the two lines immediately above the words "Lessee (Rodney and Nancy Konkel)." If the lease was ambiguous, there is a principle that ambiguities should be construed against the party drafting the lease (in this case, the Guilmettes), but the lease is not ambiguous.[5] Whether the Konkels are liable for any breach of the lease will depend on whether it can be proven that the lease was in fact breached, whether the Guilmettes suffered any damages resulting from any breach, and whether any liability is barred by the affirmative defenses raised by the Konkels.

On the issue of the personal guarantees there may be an ambiguity as to Rodney Konkel because he apparently did not sign the personal guaranty on the signature line for Rodney and Nancy Konkel but instead appears to have signed on the line marked "Agent (Jordan's Floral & Gifts Inc.)." Arguably, Rodney is still a guarantor given the language of the guaranty that "the undersigned" – which would include Rodney – jointly and severally guarantee the prompt and unconditional payment of lease obligations. However, that is an issue left to trial.

## 3. Jordan's Floral Motion to Amend

On February 19, 2008 Jordan Floral filed a motion to amend its complaint, which is opposed by the Guilmettes. The proposed amendment adds allegations and claims

---

[5] Moreover, if the lease were ambiguous, its correct interpretation could not be decided on a motion for summary judgment.

4

for damages to Jordan's Floral's wrongful eviction claim and also seeks to add a cause of action for defamation.

This motion was filed within the deadline under the scheduling order for amending the complaint. With respect to the additional allegations relating to wrongful eviction, the motion is granted without prejudice to the Guilmettes' argument that the kind of damages sought are not recoverable under the wrongful eviction statute.

As to defamation claim, a defendant in a defamation case is entitled to know exactly what defamatory statements he or she is alleged to have made. *See Picard v. Brennan*, 307 A.2d 833, 835 (Me. 1973). Accordingly, the motion to amend to add a defamation claim will be allowed but only if Jordan's Floral files, within 20 days, a new proposed amended complaint that sets forth as precisely as possible what defamatory statements are alleged to have been made and to whom they were made – issues relevant to whether the Guilmettes could raise such defenses as truth and/or conditional privilege.[6]

The entry shall be:

The motion by plaintiff Jordan's Floral & Gifts Inc. for partial summary judgment is denied. The motion by third party defendants Rodney and Nancy Konkel to dismiss the third party complaint (treated as a motion for summary judgment) is denied. The motion by plaintiff Jordan's Floral & Gifts Inc. to amend its complaint is granted on condition that plaintiff file a new amended complaint within 20 days specifying as precisely as possible the alleged defamatory statements and the circumstances in which those alleged statements were made.

---

[6] The file in this case contains various objections filed to discovery requests. If there are outstanding discovery disputes, the parties are directed to the provisions of M.R.Civ.P. 26(g).

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     May 27, 2008.

_____
Thomas D. Warren
Justice, Superior Court

OF COURTS
land County
 Box 287
aine 04112-0287

DANIEL WARREN ESQ
243 US ROUTE ONE
SCARBOROUGH ME 04074

*Plaintiffs*

OF COURTS
land County
Box 287
line 04112-0287

SEAN FARRIS ESQ
PO BOX 120
GARDINER ME 04345

*all other parties*

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, ss
CLERK'S OFFICE

2009 JUN -9 A 8: 00

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-07-597

JORDAN'S FLORAL & GIFTS INC.,

    Plaintiff,

v.                                    ORDER

DAVID W. GUILMETTE, et al.,

    Defendants.

Before the court are applications for attorneys' fees by both parties and a motion for return of property by the plaintiff. Plaintiff, which recovered a $1,500 verdict on its claim of illegal eviction, is seeking $69,025 in attorneys' fees pursuant to 14 M.R.S. § 6014(2)(B) and $2,114 in costs. Defendants, who recovered $551 in damages for breach of the lease, are seeking $26,274.15 in attorneys' fees pursuant to a contractual provision authorizing such fees.

1.    Attorneys Fees

In a case of this nature, where both sides prevailed to some degree with one party entitled to statutory attorneys fees and the other party entitled to contractual attorneys fees, the Law Court's decision in *Mancini v. Scott*, 2000 ME 19 ¶¶ 4, 10, 12, 744 A.2d 1057, 1059, 1061, demonstrates that the court has discretion to award fees to both parties.

In setting those fees, the court has taken into account the twelve factors set forth by the Law Court in *Poussard v. Commercial Credit Plan, Inc.*, 479 A.2d 881, 884 (Me.

1984), to the extent those factors are contained in the record.[1] The court has also considered (1) that the result obtained is an "important factor," *Poussard*, 479 A.2d at 885, quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), (2) that counsel must exercise "billing judgment," *Poussard*, 479 A.2d at 886, quoting *Hensley*, 461 U.S. at 437, and that any award should not be so high as to constitute an "unmistakable windfall." *Poussard*, 479 A.2d at 886, again quoting *Hensley*, 461 U.S. at 455. Finally, under *Mancini v. Scott*, the court may, notwithstanding M.R.Evid. 408, also consider which party's settlement position was more reasonable.

In addition, the court has to consider the extent to which a party seeking fees has submitted adequate documentation of the amount sought. In this instance, there is reason to fault both applicants. For instance, compensation for all of the hours reported by plaintiff is sought at the rate of $250 per hour and plaintiff has offered evidence that this is a reasonable rate for the work performed by its trial counsel. However, some of the entries demonstrate work done by someone other than trial counsel. *See, e.g.*, time entries for 6/23/08, 6/26/08, 1/6/09, 2/2/09, 3/2/09, and 4/28/09. For example, one of the 4/28/09 entries involves 2.2 hours apparently spent by a paralegal or other non-lawyer for attendance at trial to read from a deposition. Such time, even if reasonably expended, cannot be billed at $250 per hour. Similarly, the defendant's fee request itemizes not only hours spent by trial counsel at $195 per hour but also hours worked by two unidentified individuals: "GJF" (at $210 per hour) and "TJC" (at $150 per hour).[2]

---

[1] For instance, although *Poussard* specifies that the court can consider whether the fee is fixed or contingent, plaintiff has not offered any information as to its fee agreement in this case.
[2] The court could perhaps surmise the identities in question by looking at firm letterheads and websites, but that is not the court's job.

*Poussard* holds that a mathematical calculation of the hours spent times a reasonable rate "does not end the inquiry." 479 A.2d at 885, quoting from *Hensley*, 461 U.S. at 434. In this case, the hours and rates requested do not provide a firm basis for calculation even before the adjustments that must be made for results obtained and billing judgment.

In this case, the court finds that although both parties were awarded damages, plaintiff was the party that prevailed to a significantly greater extent. Plaintiff not only won the larger award; it prevailed on its claim of illegal eviction, overcoming defendants' claim of abandonment. By doing so, plaintiff also established that defendants' illegal eviction constituted a breach of the lease with the result that defendants were not entitled to unpaid rent after August 1, 2007.[3] Plaintiff did not, however, prevail on its claim that defendants had breached the lease before August 1, 2007 and was not particularly successful on its damage claims. The court upheld defendants' objection to certain speculative damage testimony and even with that testimony excluded, plaintiff only recovered less than one-third of the amount requested in summation.

The court is also required to consider that while the illegal eviction claim was interrelated with the defense of defendants' contract claim to a significant extent, there were aspects of this case which were separate from the illegal eviction claim and therefore not subject to statutory attorneys fees.[4] Plaintiff has already reduced its fee

---

[3] This is not to suggest that defendants' abandonment defense was frivolous. The illegal eviction vs. abandonment issue was one on which the jury could have gone either way.

[4] The court agrees that the illegal eviction claim was interrelated with defendants' abandonment defense and with defendants' claims for damages after August 1, 2007. Once an illegal eviction was found, it followed that defendants had breached the lease and were not entitled to unpaid rent from that date onward. Considerable time at trial, however, was also spent on the claim that defendants had breached the lease prior to August 1, 2007 (an issue on

request to exclude any fees sought for a defamation claim that was dismissed during the course of the trial, but there are other aspects of this case that were not interrelated with the illegal eviction claim and are not compensable.

Plaintiff's fee request divides up the fees incurred into categories corresponding to the questions on the jury verdict form. The court did not find this categorization to be helpful.[5] Because the major issues – illegal eviction vs. abandonment and illegal eviction as a defense to defendants' unpaid rent claim – were interrelated, in determining plaintiff's fee award the court finds it more instructive to consider the case as a whole, the number of subsidiary issues, the fact that those subsidiary issues were hotly disputed but not particularly complex, the results obtained, and the billing judgment that should have been exercised.

Finally, from the record before the court, it appears that plaintiff was the more realistic party in settlement – a factor that is entitled to a certain amount of weight even given the meager results obtained at trial.

For their part, defendants prevailed on their claim for unpaid rent prior to August 1, 2007 (a minimal amount because it was offset by the security deposit) and succeeded in limiting plaintiff's damages for illegal eviction. Unfortunately for defendants, defending a claim for illegal eviction and successfully limiting damages on that claim are not activities for which fees were authorized under the lease. *See* Lease ¶ 17.

The court – considering all of the above factors including the amount of damages eventually awarded and the fact that plaintiff filed various motions that were

which plaintiff did not prevail) and on defeating defendants' claim for damages to the premises. These issues were separable from the illegal eviction issues.
[5]  For instance, plaintiff did not prevail on Questions 5 and 6 but nevertheless requests compensation for 42.76 hours on those issues.

4

unsuccessful – determines that plaintiff is entitled to $22,500 in attorneys fees and that defendants are entitled to $1,500 in attorneys fees.[6]

2.    Costs

As between the two parties, plaintiff was the party who prevailed to a significant degree, and plaintiff is therefore entitled to costs. Defendants have not objected to plaintiff's bill of costs and costs of $2,114 are therefore awarded to plaintiff.

3.    Motion for Return of Property

Plaintiff did not bring a conversion count in its complaint and cannot amend its complaint after trial to assert a claim for conversion. Plaintiff's motion for return of property is therefore denied.

The entry shall be:

Plaintiff is awarded attorneys fees of $22,500 pursuant to 14 M.R.S. § 6014(2)(B). Defendants are awarded attorneys fees of $1,500 under the lease. Costs of $2,114 awarded to plaintiff. Plaintiff's motion for return of property is denied.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:    June _8_, 2009

_____
Thomas D. Warren
Justice, Superior Court

---

[6] The court notes that this case appears to be the mirror image of *Mancini v. Scott*, which also involved offsetting lease and illegal eviction claims interspersed with other claims. In *Mancini* the landlord recovered $21,138 and certain of the tenants recovered $4,700 on their claims of illegal eviction and wrongful conversion. The landlord therefore recovered the lion's share of the attorneys' fees awarded – $20,000, as opposed to $5,000 for the tenants.

5

JORDAN'S FLORAL AND GIFTS INC VS DAVID W GUILMETTE ET AL
UTN:AOCSsr  -2007-0125306                   CASE #:PORSC-CV-2007-00597
----------------------------------------------------------------------

SEL VD                              REPRESENTATION TYPE        DATE
01 0000000191 ATTORNEY:FARRIS, GREGORY *Sign*
ADDR:251 WATER STREET PO BOX 120 GARDINER ME 04345-0120
     F FOR:DAVID W GUILMETTE                  DEF        RTND   10/23/2007
     F FOR:JUDITH W GUILMETTE                 DEF        RTND   10/23/2007


02 0000002807 ATTORNEY:WARREN, DANIEL
ADDR:243 US ROUTE ONE SCARBOROUGH ME 04074
     F FOR:RODNEY KONKEL                      3RD P DEF  RTND   12/04/2007
     F FOR:NANCY KONKEL                       3RD P DEF  RTND   12/04/2007