STATE OF MAINE                                SUPERIOR COURT
YORK, ss.                                     DOCKET NO. CV-14-0102

WAYNE KNOPE,                          )
                                      )
        and                           )
                                      )
DOROTHY KNOPE,                        )
                                      )        **ORDER**
        Plaintiffs,                   )
                                      )
        v.                            )
                                      )
GREEN TREE SERVICING, LLC,            )
                                      )
        Defendant.                    )

## I.    Background

### A. Procedural History

This case involves an attempt to foreclose on property and collect on an outstanding note. Defendant Green Tree Servicing, LLC ("Green Tree"), filed an action to foreclose the mortgage on May 4, 2014 (the "Foreclosure Complaint"). In response to Green Tree's Complaint, plaintiffs Wayne and Dorothy Knope (the "Knopes") filed the instant Complaint against Green Tree, seeking a declaratory judgment as to the amount owed under the note and mortgage. On June 30, 2014, after Green Tree failed to respond to the Knopes' Complaint, the Court entered a default upon plaintiffs' request. Green Tree then filed a motion to set aside the default, which this Court denied. On or about May 30, 2015, Green Tree issued a payoff statement representing that the total payoff amount was $338,757.06. The Knopes payed this amount, but preserved their right to challenge the amount paid. Green Tree then issued a discharge of the mortgage.

A trial was held on the issue of how much the Knopes owed under the Note. This Court found that the Knopes were not entitled to any refund of the amount paid because, although

1

Green Tree did not have the right to collect fees pursuant to the mortgage, the Knopes were unjustly enriched as a result of Green Tree's payment of property taxes, insurance, and other expenses.

The Knopes appealed this decision to the Law Court, who affirmed Green Tree's right to retain the amount they had paid in property taxes, insurance, and property preservation costs. The Law Court, however, remanded the case to the Superior Court "only for reexamination of the support for recovery of the foreclosure fees and legal fees" in order "to determine what sums, if any, are due under the promissory note." *Knope v. Green Tree Servicing, LLC*, 2017 ME 95, ¶ 2, 161 A.3d 696. The total disputed amount is now $3,619.19.

On remand, plaintiffs filed a memorandum of law, to which defendant filed an opposition along with a motion for summary judgment, which included several exhibits. The plaintiffs opposed the motion for summary judgment and moved to strike the exhibits.

### B. Facts

The property in question is located at 15 Hillside Drive, Elliot, Maine (the "Property"). On November 19, 2004, plaintiffs Wayne and Dorothy Knope signed a Promissory Note (the "Note") payable to GMAC Mortgage, LLC ("GMAC") in the principal amount of $324,940. Plaintiffs also signed a Mortgage (the "Mortgage") granting Mortgage Electronic Registration Systems, Inc. ("MERS") a security interest in the Property as nominee for GMAC. The Note authorized Green Tree to collect post-default attorney's fees for all expenses and costs to enforce the Note.

The Knopes defaulted on the Note after Green Tree refused to defer payment. After issuing a Notice of Default, Green Tree filed an action to foreclose the Mortgage and collect any deficiency on the Note on May 4, 2014, after which the procedural history above took place.

2

## II. Discussion

### A. Motion for Summary Judgment

After plaintiffs filed their memorandum of law on remand, defendant moved for summary judgment. However, this motion is not appropriate at this stage of the proceedings. This Court will take defendant's motion as written closing arguments. Defendant's motion for summary judgment is hereby denied. Nonetheless, this Court will decide the ultimate issue in this case without delay.

### B. Motion to Strike

Accompanying their "Motion for Summary Judgment", defendant included several exhibits (copies of the Note, the Mortgage, the Notice of Default, and the Foreclosure Complaint), all of which were admitted at trial except for the Foreclosure Complaint. Plaintiffs moved to strike these documents because they contend the record on remand should remain the same as it was at trial.

On remand, the Law Court has directed this Court to decide a narrow issue. This issue will be decided on the evidence submitted at trial. However, because the exhibits attached to defendant's motion for summary judgment were admitted at trial, their exclusion is unwarranted. Further, this Court takes judicial notice of the Foreclosure Complaint and will not exclude it.

### C. Decision

This Court may award attorney's fees in the following circumstances: (1) "contractual agreement of the parties," (2) "clear statutory authority," or (3) "the court's inherent authority to sanction egregious conduct in a judicial proceeding." *Baker v. Manter*, 2001 ME 26, ¶ 17, 765 A.2d 583. Here, the Note provides the contractual agreement entitling Green Tree to attorney's fees and costs to bring suit. (*See* Def.'s Ex. 1 ¶6(e).)

3

Whether to award attorney's fees is "committed to the sound discretion of the trial court." *Poussard v. Commercial Credit Plan, Inc.*, 479 A.2d 881, 886 (Me. 1984). The party claiming entitlement to attorney's fees has the burden "of establishing entitlement to establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked, . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). Accordingly, a party claiming entitlement to attorney's fees in a case involving multiple claims is "required to apportion their attorney fees between the claims for which fees may be awarded and the claims for which there is no entitlement to fees." *Advanced Constr. Corp. v. Pilecki*, 2006 ME 84, ¶ 30, 901 A.2d 189 (citing *Beaulieu v. Dorsey*, 562 A.2d 678, 679 (Me. 1989)). However, "legal services are rarely performed with regard to discrete and identifiable claims within a multi-claim complaint," *Poussard*, 479 A.2d at 885, making it "difficult to divide counsel's time on a claim-by-claim basis," especially when the claims involve the same operative facts. *Pilecki*, 2006 ME 84, ¶ 30, 901 A.2d 189.

Both plaintiffs and defendant argue that they are entitled to the entire amount of fees and costs ($3,619.19). Plaintiffs argue that since the Foreclosure Complaint was for a foreclosure, and that defendant had no right in the Mortgage to effectively foreclose, it could not collect fees or costs. Defendant, however, contends that because part of its Foreclosure Complaint, including the foreclosure itself, was an attempt to collect on the Note, it is entitled to retain all fees and costs.

The Court is not persuaded by either of these "all-or-nothing" arguments. Clearly some of the fees and costs were incurred to collect on the Note in defendant's complaint even though it

was captioned a "Foreclosure". Defendant's Foreclosure Complaint explicitly included attempts to Determine the amount due on the Note and collect any deficiency from the Knopes. On the other hand, defendant did not have rights in the Mortgage and could not effectively bring a foreclosure action. Therefore, to the extent fees and costs were incurred to bring a foreclosure action instead of simply collecting on the Note, these fees and costs are not recoverable.

In this case, Green Tree has not carried its burden to prove that many of the requested attorney's fees were incurred to recover on the Note and not foreclose on the Mortgage. Nothing in the documents that Green Tree provided indicate to what extent some fees were attributable to the Note and not to the Mortgage. Fees for which defendant has failed to meet its burden include: Foreclosure ($385); Foreclosure ($1,225); Title Search ($225); and Additional Fee FC ($750); totaling $2,585.00. Thus, defendant must refund plaintiffs for these fees.

If a cost was necessary to bring the suit, however, such as a court cost or service fee, it is recoverable by the defendant because that cost was necessary to recover on the Note and did not depend on the foreclosure. These fees include: Motion to Enlarge Service ($250); Complaint Filing Fee ($355); Court Filing Costs ($22); Service of Notice ($99.19); Service of Notice ($30); Skip Trace/Search ($68); Service of Notice ($100); Court Filing Costs ($10); and Service of Summons and Complaint ($100); totaling $1,034.19. Consequently, the defendant is entitled to retain $1,034.19.

Plaintiffs also request that this Court award them costs to bring this case ($150 to file the instant action, $29.30 for service of process, and the $200 filing fee for Motion for Default Judgment, totaling $379.30). Because this Court cannot find that plaintiffs were the prevailing party as they failed to succeed on their opposition to defendant's unjust enrichment claim, this Court declines to award costs to the plaintiffs.

5

### III. Conclusion

For the foregoing reasons, this Court hereby grants plaintiffs' motion to strike, denies defendant's motion for summary judgment, and orders defendant pay plaintiffs $2,585 plus interest from May 26, 2015 at the following prejudgment interest rates: 2015 – 3.27%; 2016 – 3.65%; and 2017 – 3.87%.

The clerk shall make the following entries on the docket:

Plaintiffs' Motion to Strike is DENIED.
Defendant's Motion for Summary Judgment DENIED.
Judgment for Plaintiffs in part and Defendant in part.
Defendant is entitled to retain $1,034.19.
Defendant is ordered to refund plaintiffs $2,585.00 including interest from May 26, 2015 at rates of 3.27% for 2015; 3.65% for 2016; and 3.87% for 2017.

SO ORDERED.

DATE: OCTOBER 5, 2017

ENTERED ON THE DOCKET ON: 10/5/17

John O'Neil, Jr.
Justice, Superior Court

6