STATE OF MAINE
CUMBERLAND, ss

TIMOTHY PATCH,

Plaintiff

v.

MAINE INTELLRX d/b/a INTELLRX INC., et al.,

Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-45

ORDER

REC'D CUMB CLERKS OFC
NOV 5 '19 AM 9:42

There appears to be no dispute in the above-captioned case that defendants Maine IntellRX Inc. and Nelson Parker Cowand did not respond to the amended complaint in the above-captioned case. Defaults were entered against Cowand on July 25, 2019 and against Maine IntellRX on August 16, 2019, and no motions to set aside those defaults have been made.

Plaintiff Timothy Patch filed an application for the entry of a default judgment on September 4, 2019, and Cowand has objected. It is unclear whether Cowand is objecting only on his own behalf or on behalf of Maine IntellRX as well, but he acknowledges in his objection that he is not a lawyer and is not entitled to represent Maine IntellRX.

1. The court understands that the default judgment sought by Patch, if entered, will constitute a final judgment in this action.

2. Cowand's objections are based (1) on his disagreement with statements made in Patch's application for a default judgment and in Patch's supporting affidavit and (2) on the contention that the attorney's fees sought by Patch are excessive.

3. First, the court finds that, with one exception discussed in ¶ 4 below, the amounts sought by Patch in the proposed judgment are the amounts that are set forth in the amended complaint. The allegations in the complaint – deemed to be admitted by virtue of defendants' defaults – support a determination that Maine IntellRX and Cowand personally are jointly and

**Plaintiff–Jason Theobald, Esq.**
**Defendants–Pro Se**

severally liable to Patch in the amount of $70,000 plus 8% interest and appropriate attorney's fees.

4. In addition to the 8% interest payable to Patch on his loans, Patch is also seeking 3% default interest, pursuant to the terms of the loans as set forth in the Patch affidavit and pursuant to section 8 of the Note Purchase Agreement annexed to Patch's affidavit as Exhibit A. Although the 3% default interest rate was not specifically alleged in the complaint, Cowand does not contest the request for default interest in his objection to Patch's application for a default judgment.

5. Cowand does, however, contend that various statements in the application for a default judgment and Patch's affidavit are incomplete and misleading. The court does not have to consider those contentions – or allow Cowand to litigate the merits of the case even though he has defaulted – because the allegations in the amended complaint are deemed to be admitted based on defendants' default, and Patch is entitled to judgment based on those allegations. The court makes no specific findings of its own.

6. Accordingly, Patch is entitled to judgment against defendants jointly and severally in the amount of $70,000, with 8% interest on the first $50,000 from March 5, 2014 to March 5, 2017 and 11% interest from March 5, 2017 until the entry of judgment. On the remaining $20,000 Patch is entitled to interest at 8% from September 4, 2014 and interest at 11% from September 4, 2017 to the entry of judgment.

7. On the issue of attorney's fees, the court cannot determine whether the amounts sought are reasonable in the absence of further information. The Law Court has stated that a party seeking an attorney's fee award has the burden, not just of establishing entitlement to an award, but also of "documenting the appropriate hours expended." *Poussard v. Commercial Credit Plan, Inc.,* 479 A.2d 881, 886 (Me. 1984) (emphasis added), quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). *See also Miele v. Miele,* 2003 ME 113 ¶ 17, 832 A.2d 760. The Theobald affidavit sets forth the five attorneys and three paralegals who have worked on this case and their

2

billing rates but does not set forth the hours expended by each or the tasks performed during those hours.

8. Rather than convene a hearing at which Cowand, who resides in Texas, will likely be unable to attend, the court directs that counsel for plaintiff submit within 21 days an appropriate affidavit supported by billing records to substantiate the $34,016 sought in attorney's fees. Cowand shall have 21 days from the filing of plaintiff's submission in which to respond.

9. Cowand has not objected to the costs sought by plaintiff.

The entry shall be:

1. Plaintiff Timothy Patch is entitled to judgment against defendants Maine IntellRX Inc. and Nelson Parker Cowand, jointly and severally, in the amount of $70,000, with 8% interest on the first $50,000 from March 5, 2014 to March 5, 2017 and 11% interest from March 5, 2017 until the entry of judgment. On the remaining $20,000 Patch is entitled to interest at 8% from September 4, 2014 and interest at 11% from September 4, 2017 to the entry of judgment.

2. Plaintiff is also entitled to attorney's fees, but the court cannot determine whether the amount sought is reasonable and directs counsel for plaintiff to make a further submission as set forth above.

3. Plaintiff is awarded costs of $820.00.

4. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: November __4__, 2019

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 11/12/19  MCV

3

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-45

TIMOTHY PATCH,

Plaintiff

v.

ORDER

MAINE INTELLRX d/b/a INTELLRX INC., et al.,

Defendants

REC'D CUMB CLERKS OFC
FEB 21 '20 AM 8:15

In an order dated November 4, 2019 the court gave plaintiff 21 days to submit an affidavit substantiated by billing records to support its application for $34,016 sought for attorney's fees and gave defendant Nelson Parker Cowand 21 days in which to respond.

Plaintiff filed the necessary affidavit on November 25, 2019. Cowand did not file a timely response.

More than a month after his response was due, Cowand did file a 2-page opposition, alleging generally that the amount of attorney's fees sought was too high and also arguing that he should not have been found personally liable, an argument that is foreclosed by the default judgment against him.[1]

Although Cowand's objection to the amount of attorney's fees sought is untimely, the court has an independent obligation in entering default judgments in which attorney's fees are sought to consider the claim for attorney's fees and the reasonableness of the fees sought.

The complaint seeks attorney's fees against defendant Maine IntellRx based on the language of the Notes. As against Cowand individually, the complaint seeks damages based on allegations of fraudulent misrepresentation, negligent misrepresentation, and violations of the

---

[1] The complaint alleged that Cowand was liable to the plaintiff based on fraudulent and negligent misrepresentations made by Cowand personally and based on transfers to Cowand that allegedly violated the Uniform Fraudulent Transfers Act. Cowand could have raised any defenses to plaintiff's claims against him if he had answered the complaint rather than defaulted. The default against Cowand was entered on July 31, 2019, and Cowand has never sought to set that default aside.

**Plaintiff-Jason Theobald, Esq.**
**Defendants-Pro Se**

Uniform Fraudulent Transfers Act. On fraudulent transfer claims prevailing parties are entitled to attorney's fees. *See Samsara Memorial Trust v. Kelly, Remmel & Zimmerman*, 2014 ME 107 ¶ 50, 102 A.3d 757.

The remaining question is whether the fees sought are reasonable. The court is aware of billing rates in this jurisdiction and finds the billing rates to be appropriate. The complaint demonstrates that this was a potentially complicated action that required considerable preparation and that would, if defendants had not defaulted, have required considerable time and energy to litigate. The vast majority of the attorney's fees now sought ($36,621.50) relate to the work performed by plaintiff's attorneys before defaults were entered.

However, the court has reviewed the timesheets submitted by plaintiff's counsel and finds that there was some duplication of effort and some time spent that, as far as the court can tell, was not strictly necessary. Accordingly, the attorney's fees award shall be reduced to $32,000. Plaintiff has also demonstrated that since his September 4, 2019 application for a default judgment he has incurred an additional $793.60 in recoverable costs.

The entry shall be:

1. As previously ordered, judgment shall be entered in favor of Plaintiff Timothy Patch and against defendants Maine IntellRX Inc. and Nelson Parker Cowand, jointly and severally, in the amount of $70,000, with 8% interest on the first $50,000 from March 5, 2014 to March 5, 2017 and 11% interest from March 5, 2017 until the original entry of judgment on November 12, 2019. On the remaining $20,000 Patch is entitled to interest at 8% from September 4, 2014 and interest at 11% from September 4, 2017 to the original entry of judgment on November 12, 2019.

2. The court also awards plaintiff attorney's fees against Maine IntellRx and Cowand, jointly and severally, in the amount of $32,000.

3. Post-judgment interest shall run at 8.59%.

4. Plaintiff is awarded costs of $1613.60.

5. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

2

Dated: February __20__, 2020

_____
Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 02/21/20 .

3