**Robin COOLEY**

v.

**Roy T. POWELL.**

Supreme Judicial Court of Maine.

Argued June 15, 1988.

Decided July 21, 1988.

John Alsop (orally), Poland & Ketterer, Norridgewock, for plaintiff.

Edward S. David (orally), Cloutier, Joyce, Dumas & David, P.A., Livermore Falls, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

HORNBY, Justice.

This case concerns the proper method of appealing a District Court decision when the issues have already been addressed in substance by the Superior Court on an earlier appeal, but the Superior Court has remanded the entire case to the District Court rather than retain jurisdiction. Concluding that we have no statutory jurisdiction to entertain a direct appeal even of this sort from the District Court and that any appeal lies to the Superior Court, we dismiss both the appeal and the cross-appeal.

Robin Cooley sued Roy T. Powell in District Court seeking under 19 M.R.S.A. § 272 (Supp.1987) a declaration of his paternity of her children and enforcement of his liability for her expenses, and under 19 M.R.S.A. § 214 (Supp.1987) an award to her of parental rights and responsibilities and support payments from Powell. The District Court granted Cooley essentially all she requested.

Powell then appealed to the Superior Court. The Superior Court affirmed the District Court on five issues and remanded for further proceedings on three others.[1] Its mandate stated: "The judgment is vacated and this matter is remanded to District Court for further proceedings consistent with the order herein." Thus, the Superior Court did not retain jurisdiction. On remand the District Court considered the three issues specified by the Superior Court, amended its original judgment and re-entered it as modified. Powell then appealed that judgment directly to this Court and Cooley likewise cross-appealed.

---

1. The three issues involved access to the children's medical, dental and school records; allocation of tax deductions for the children; and clarification of whether Cooley was obliged to purchase life insurance as an aspect of support and, if so, termination of the obligation when the children became adults.

■ This Court lacks jurisdiction of both appeals. The Law Court's jurisdiction to review cases on appeal derives solely and entirely from statute. *Rice v. Amerling*, 433 A.2d 388, 390–91 (Me.1981) (*citing Papapetrou v. Edgar*, 290 A.2d 202, 204 (Me. 1972)). The general statutory grant of jurisdiction, 4 M.R.S.A. § 57 (Supp.1987), does not provide for direct appeals from the District Court.[2] Of the two statutes on which the Plaintiff's claims were based, section 214 specifically grants the Superior Court jurisdiction of appeals from the District Court, 19 M.R.S.A. § 214(10) (Supp. 1987), and section 272 contemplates the same. *Id.* at § 275 (1981) (allowing the initial action to be brought in the District Court or Superior Court) and § 286 (1981) (requiring that the standard rules of procedure apply, i.e., M.R.Civ.P. 76D, which provides that appeals from the District Court are taken to the Superior Court). These appeals therefore properly lie in the Superior Court.

Powell complains that it is a waste of time and money to require him to appeal again to the Superior Court because that court has already made its views known on the issues that concern him and will therefore enter only a pro forma decree. If the earlier Superior Court decision had in fact disposed of all issues so that the District Court had only ministerial duties on remand, then the earlier decision was a final order that Cooley could have appealed to the Law Court at that time. *Tibbetts v. Tibbetts*, 406 A.2d 70, 73 n. 2 (Me.1979); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 173.2 (Supp.1981). Obviously, neither the parties nor the Superior Court viewed the earlier decision as final. *Accord, MacDougall v. MacDougall*, 403 A.2d 783 (Me.1979) (a remand for further proceedings is not a final decision).

Alternatively, Powell was free to move the Superior Court to retain its jurisdiction with only a limited remand, *see Valdastri v. City of Bath*, 521 A.2d 691, 692–93 (Me. 1987); *Sanborn v. Town of Eliot*, 425 A.2d 629, 631 (Me.1981), and thereby avoid having to docket a new appeal in the Superior Court after the District Court modified its judgment. He did not do so. Instead the Superior Court remanded the entire matter to the District Court without retaining jurisdiction. The District Court then made modifications and entered a new final judgment. Indeed, Cooley complains that on remand the District Court decided the three open issues without notice to the parties or any opportunity to be heard. Whether a hearing was required before the District Court could amend its decision and whether the amendments were appropriate are issues that have never been heard by the Superior Court. It makes no sense to have Cooley appealing those three issues to the Superior Court at the same time Powell is appealing his issues to the Law Court. By statute the new final judgment entered by the District Court can be appealed only to the Superior Court.

■ Powell has not opposed Cooley's motion for reasonable attorney fees she incurred in both this Court and the Superior Court. M.R.Civ.P. 75B(a). The Plaintiff is entitled to such fees under 19 M.R.S.A. § 271 (1981). That assessment is to be made on remand. *Raymond v. Raymond*, 480 A.2d 718, 726 (Me.1984); *Boyd v. Boyd*, 421 A.2d 1356, 1359 (Me.1980).

The entry is:

Defendant's appeal and Plaintiff's cross-appeal dismissed.

Case remanded to the District Court for the award of the Plaintiff's reasonable attorney fees.

**2.** Specific statutes do permit direct review of the District Court in foreclosures, 14 M.R.S.A. § 1901 (1980); termination of parental rights, 19 M.R.S.A. § 536 (Supp.1987); and certain State appeals in criminal cases, 15 M.R.S.A. § 2115–A(1) (1980).