## Patricia BEAULIEU

### v.

## Francis E. DORSEY.

Supreme Judicial Court of Maine.

Argued June 8, 1989.

Decided July 27, 1989.

Paul Zendzian (orally), Poulos, Campbell & Zendzian, Portland, for plaintiff.

Peter A. Anderson (orally), Bangor, for defendant.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

Francis E. Dorsey appeals from a jury verdict in Superior Court (Penobscot County, *Chandler, J.*) that he violated the Unfair Trade Practices Act. 5 M.R.S.A. §§ 205-A-214 (1989). After judgment, the court awarded Beaulieu $18,068.58 in attorney fees. It is this part of the judgment that Dorsey challenges on appeal.

The underlying complaint stems from the sale of a table and chairs to Patricia Beau-

lieu by Francis E. Dorsey (F.E. Dorsey Furniture) of Holden. When delivered, Beaulieu found the set unsatisfactory. Two of the chairs were missing and, a day after delivery, she discovered a foot long scratch on the tabletop. After several discussions with the furniture company, she demanded return of her down payment. The furniture company refused to return her down payment and, in turn, made a demand for the $1,000 balance. Attempts to settle the dispute failed and Beaulieu brought suit for the amount of her down payment, as well as $10,000 punitive damage claim.[1] Dorsey counter-claimed for the $1,000 balance due on the table. The jury returned a verdict for Beaulieu on the claim for the down payment, decided in her favor on the counterclaim, but denied recovery for punitive damages.

■ After trial, the attorney for Beaulieu submitted an affidavit and bill for attorney fees. The fees themselves amounted to $15,705.00 with additional expenditures assessed at $2,363.58. The Superior Court specifically found that the expense of the litigation was caused by the defendant's actions. The Superior Court reviewed the entire amount and found that the hourly rates charged by the attorney were "not excessive" and that the time spent in conjunction with the case was not "unjustified." In awarding the full amount requested, the court found the hours and hourly rates "reasonable in light of the nature of this litigation."

F.E. Dorsey, however, contends that the amount awarded the prevailing party should be a factor in a court's determination of the reasonableness of the fees claimed by an attorney. He argues that the more than $18,000 awarded Beaulieu's attorney, therefore, should be reduced because the award to her was only $610.70, the amount of her down payment.

The Unfair Trade Practices Act provides for a private litigant's recovery of fees and costs:

§ 213. Private Remedies.

. . .

2. Fees and Costs.

If the Court finds, in any action commenced under this section that there has been a violation of section 207, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorney's fees.

There are a number of considerations to use in determining the reasonableness of a fee, some of which were described in *Poussard v. Commercial Credit Plan,* 479 A.2d 881, 884 (Me.1984). F.E. Dorsey points to one of the factors cited by *Poussard,* "the amount involved and the results obtained" in arguing that the fee in this case is excessive. *Id.*

■ According to *Poussard,* however, the UTPA provision for awards of reasonable attorney fees is "irrespective of the amount in controversy." *Id.* at 886 n. 6. The purpose of that provision is to "encourage litigation which might otherwise be prohibited by economic considerations, in order to vindicate an important public interest." *Id.* The amount involved in the complaint and the results obtained are not relevant in claims brought under the Unfair Trade Practices Act.

Awards of attorney fees are discretionary. *Poussard,* 479 A.2d at 884; *Colony Cadillac and Oldsmobile, Inc. v. Yerdon,* 558 A.2d 364, 368 (Me.1989). "It is the Court, ... not the parties, that decides the reasonable fee." *Id.* The trial court acted within its discretion in awarding fees for costs incurred in pursuing the UTPA claim. The cost of bringing a claim for punitive damages, however, is not recoverable under the Act.

Normally, the person seeking costs should provide affidavits and bills which separate the costs of pursuing the UTPA claim from those incurred in pursuing a remedy not available under the Act. Because Dorsey made no objection before the trial court to Beaulieu's accounting, we review the trial court's award for obvious error. M.R.Evid. 103(d). We find error in the award only to the extent that $62.50

---

1. The furniture was returned to Dorsey and    subsequently resold.

was billed for research on punitive damages. In all other respects, however, we affirm the award.

■ We note that Beaulieu has asked for attorney fees to cover the costs of this appeal. It is within the "remedial purposes of the consumer protection laws" to include expenses of defending an appeal. *Colony Cadillac,* 558 A.2d at 369. The determination of the reasonable fee, however, is a factual matter for the trial court. We therefore remand the case to the Superior Court for the limited purpose of determining Beaulieu's reasonable attorney fees on appeal. *See id.; Cooley v. Powell,* 544 A.2d 752, 753 (Me.1988).

The entry is:

Judgment modified to reduce award of attorney fees to $18,006.08 and as modified affirmed. Remanded to the Superior Court for the limited purpose of determining Beaulieu's reasonable attorney fees for this appeal.

WATHEN, GLASSMAN and HORNBY, JJ. concurring.

Clifford, Justice, dissenting.

I agree with the court that the amount of the attorney fees awarded under the Unfair Trade Practices Act (UTPA) are not dependent on the amount in controversy. *Poussard v. Commercial Credit Plan,* 479 A.2d 881, 886 n. 6 (Me.1984); 5 M.R.S.A. § 213(2) (1989). Because I conclude that the trial court's failure to limit the award of attorney fees to efforts expended in pursuit of the UTPA claim is obvious error, however, I respectfully dissent.

This litigation was not limited to Beaulieu's claim under the UTPA, on which she prevailed. Beaulieu sought to recover punitive damages against Dorsey, and Dorsey prosecuted a counterclaim against Beaulieu for money due for the furniture. Beaulieu's entitlement to recover for her attorney fees is limited to the fees incurred in her successful prosecution of his claim under the UTPA. She may be entitled to attorney fees in defending the counterclaim, but she certainly has no right to recover for the unsuccessful efforts of her attorney in pursuing the claim for punitive damages. *See Poussard,* 479 A.2d at 883 (except in limited cases courts have no authority to award attorney fees in the absence of statute or contract); *see also Thiboutot v. State,* 405 A.2d 230, 238 (Me. 1979), *aff'd,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). It was Beaulieu's burden to demonstrate that the fees for which she sought recovery were incurred in pursuit of the claim under the UTPA. The trial court did not hold Beaulieu to that burden and assessed Dorsey for Beaulieu's attorney fees for the entire litigation, including the claim for punitive damages. The punitive damages claim was a major part of this litigation. It is apparent from this record that the effort expended in its pursuit was more than the one-half hour which this court disallows. I would conclude that the amount of attorney fees awarded is excessive and constitutes obvious error. I would vacate the judgment and remand to the Superior Court for its reconsideration of the attorney fee award.