STATE OF MAINE
CUMBERLAND, SS.

STATE OF MAINE
CUMBERLAND, SS.
CLERK'S OFFICE

2002 SEP 13 A 8: 37

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-01-102

MELISSA R. PRESCOTT,

Plaintiff

vs.

ORDER ON
POST-JUDGMENT MOTIONS

BILL DODGE BUICK-GMC TRUCK, INC.,

Defendant

DONALD L. GARBRECHT
LAW LIBRARY

OCT 1 2002

A.    **Defendant's Motion For Judgment As A Matter Of Law, Or For
Alteration Or Amendment Of The Judgment, Or For A New Trial**

After due consideration of the defendant's alternative motion for

judgment as a matter of law, or to alter or amend the judgment, or for a new

trial, and after consideration of the submissions of the parties, the court

concludes that the jury's awards of compensatory damages based on fraud

($5,000) and violation of the Unfair Trade Practices Act ("UTPA") ($5,000),

totalling $10,000, are duplicative. Whether the jury's awards on those

claims rested on separate predicate acts, or otherwise, the evidence is clear

that the resulting harm and damage incurred by the plaintiff from those

claims was the same. Accordingly, the judgment must be amended to

reflect compensatory damages totalling $5,000. This amendment does not

affect the jury's award of punitive damages, or the court's award of attorney's

fees hereinafter made.

1

## B. Plaintiff's Motion For Attorney's Fees

After due consideration of the plaintiff's motion and supplemental motion for attorney's fees and costs pursuant to the UTPA, 5 M.R.S.A. § 213(2), and after consideration of the submissions of the parties, the court finds and concludes that the plaintiff made a timely and appropriate written demand for relief, but the defendant did not make a sufficiently specific tender of settlement or offer of judgment. 5 M.R.S.A. § 213(1-A). Accordingly, having prevailed on her UTPA claim, the plaintiff is entitled to her reasonable attorney's fees and costs "incurred in connection with that action". 5 M.R.S.A. § 213(2); *Van Voorhees v. Dodge*, 679 A.2d 1077, 1082 (Me. 1996) (fees and costs are recoverable only to the extent earned pursuing the UTPA claim); *Beaulieu v. Dorsey*, 562 A.2d 678, 679 (Me. 1989) (cost of bringing claim for punitive damages not recoverable under the Act).

The assessment of attorney's fees and costs is somewhat difficult in this case because the plaintiff's supporting affidavits do not clearly separate those incurred in pursuing the UTPA claim from those not available under the Act. *Beaulieu*, 562 A.2d at 679.[1] This is not altogether unusual, and does not prevent a determination of attorney's fees and costs in this case.

> Legal services are rarely performed with regard to discrete and identifiable claims within a multi-claim complaint. Ordinarily the claims are intertwined and are advanced collectively in the hopes of achieving the maximum recovery under any possible theory of liability.

---

[1] The dissent in *Beaulieu* stressed that "[i]t was [the plaintiff's] burden to demonstrate that the fees for which she sought recovery were incurred in pursuit of the claim under the UTPA." *Id.* at 680.

2

*Poussard v. Commercial Credit Plan*, 479 A.2d 881, 885 (Me. 1984).

The procedural and evidentiary foci of this case appear to have been directed to the plaintiff's claims of fraud (Counts I and II), violation of the UTPA (Count III), and violation of the Used Car Information Act (Count IV). Very little effort appears to have been expended on the claim for breach of implied warranties (Count V).[2] The factual and compensatory damages underpinnings of the fraud and UTPA claims were nearly identical. A fair percentage of trial time was directed to the alleged violation of the Used Car Information Act, but the plaintiff did not prevail on that claim and, therefore, it was not a factor in the success of her UTPA claim.

After scrutinizing the time entries on counsel's bills, excluding those that clearly appear in whole or in part to be unrelated to the UTPA claim, mindful of the efforts that the plaintiff appears to have expended on each of her claims, and mindful that the award must be reasonable, the court concludes that the plaintiff is entitled to fees and costs of $14,625.

The plaintiff also submitted a Supplemental Motion for Attorney's Fees and Costs. However, it is not supported by an affidavit and, therefore, is denied.[3]

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Order On Post-Judgment Motions on the Civil Docket by a notation incorporating it by reference and the entry is

---

[2]In fact, this count was dismissed by the plaintiff before trial.

[3]A document purporting to be the affidavit of Paul Koziel, Esq., accompanied the supplemental motion. However, it does not include an executed jurat.

Defendant's Motion to Alter or Amend Judgment, and Plaintiff's Motion for Attorney's Fees and Costs are GRANTED such that the Judgment shall be as follows:

"Judgment for Plaintiff in the amount of $5,000 for compensatory damages, $5,000 for punitive damages, and reasonable attorney's fees and costs in the amount of $14,625."

Plaintiff's Suppliemental Motion for Attorney's Fees is DENIED.

Dated:   September 12, 2002

_____
Justice, Superior Court

4