STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               Docket No. RE-2000-111

                                        *6AB-YOR-12/2/2002*

ABN AMRO MORTGAGE GROUP,        )
f/d/b/a ATLANTIC MORTGAGE &     )
INVESTMENT CORPORATION,         )
                                )       DONALD L. GARBRECHT
          Plaintiffs            )       ORDER AND JUDGMENT    LAW LIBRARY
                                )       OF FORECLOSURE
     vs.                        )                             JAN 21 2003
                                )
RICHARD J. WILLIS et al.,       )
                                )
          Defendants            )


     This matter came before the Court for trial on October 31,
2002.  Present were counsel for the plaintiff, ABN AMRO Mortgage
Group f/k/a Atlantic Mortgage and Investment Corporation, and
counsel for defendant Richard J. Willis ("Defendant Willis").
Neither Defendant Willis nor Defendant Lake Arrowhead Community,
Inc. ("Arrowhead") was present at trial.

     This action is one brought by the Plaintiff to foreclose a
mortgage lien by civil action (14 M.R.S.A. § 6321 et seq.).  The
mortgage lien was granted by the predecessor in interest to
Defendant Willis, Peter Crowley ("Crowley"), to the Plaintiff's
predecessor in interest, Fleet Real Estate Funding Corp.
("Fleet").  Crowley granted a mortgage lien to Fleet by a deed
dated October 22, 1993 and recorded in the York Registry of Deeds
in Vol. 6777, Page 51 ("the Mortgage").  The Mortgage was granted
to secure a loan obligation of Crowley to Fleet and evidenced by
a promissory note dated October 22, 1993 and in the original
principal amount of $87,088.00 ("the Note").

     Crowley transferred the property described in the Mortgage
("the Property") to Defendant Willis by a deed dated May 10, 1994
and recorded in the York Registry of Deeds in Vol. 7039, Page
138.  By the express terms of the deed of conveyance from Crowley
to Defendant Willis, the latter agreed to assume liability for,
and indemnify Crowley from, the claims evidenced by the Note
and/or the Mortgage.  Additionally, pursuant to the terms of an
"Assumption Agreement" dated May 10, 1994 executed by Crowley,
Defendant Willis and Fleet, Willis agreed to assume all liability
to the holder of the Note for the underlying loan obligation and
to "pay the [loan obligation] ... and fulfill all terms and
conditions of the [Note and Mortgage]".

     Fleet transferred the Note and the Mortgage to the Plaintiff
by an assignment dated June 2, 1998 and recorded in the York
Registry of Deeds in Vol. 9024, Page 157.

     Each of the foregoing recitals was the subject of
stipulation by the Plaintiff and Defendant Willis, and the Court

1

adopts them as its own findings of fact and conclusions of law.

Arrowhead was named a party because of its authority as a property owners' association which is described in, and with the powers referenced in, an affidavit dated September 28, 1995 and recorded in the York Registry of Deeds in Vol. 7574, Page 175. Because such authority of Arrowhead may include the ability to assess liens as against the Property, Arrowhead is a proper party in interest. 14 M.R.S.A. § 6321.

Defendant Willis has also filed a 121-count counterclaim as against the Plaintiff. The counts can be generally broken down into:
- multiple counts (over 100) for alleged violations of the Maine Fair Debt Collection Practices Act, 32 M.R.S.A. § 11001 et seq. and based upon the applicability of and content of notices allegedly provided to Defendant Willis by the Plaintiff pursuant to 14 M.R.S.A. § 6111;
- multiple counts for abuse of process based upon the Plaintiff's alleged failure to provide a notice as allegedly required by 14 M.R.S.A. § 6111; and
- damages for the cutting of trees on the Property.

Counterclaims based upon emotional distress or injury were dismissed by stipulation of counsel for Defendant Willis at the time of trial.

After trial, and based upon the evidence, the Court makes the following findings of fact and conclusions of law:

(1) A factual premise for each count of Defendant Willis' lengthy counterclaim is unsubstantiated by any evidence whatsoever. Defendant Willis could not establish through the only witness who testified (an officer of the Plaintiff) that 14 M.R.S.A. § 6111 was applicable to the mortgage loan and property in question; that the Plaintiff was responsible for the alleged cutting of trees on the Property (or that any trees were ever cut); and Defendant Willis failed to appear at trial.

(2) Defendant Willis is in default of the terms of the Note (which he contractually accepted under the Agreement), having failed to tender monthly payments in the amounts and on the schedule set forth in the Note. The last valid payment made by Defendant Willis was to the Plaintiff and for the month of June, 1998; the Plaintiff acquired the Note from Fleet that same month, and thereafter Defendant Willis failed to make any payments which were (a) in the form of a good check, and (b) paid all outstanding mortgage loan arrears as of the date of any such tender.

(3) The failure of Defendant Willis to tender consecutive monthly installments in the amounts and on the schedule provided in the Note and/or the Mortgage is a breach of the terms of the Mortgage.

(4) The actions of the Plaintiff in pursuing its remedies under 14 M.R.S.A. § 6321 et seq., and the mere filing of a complaint to commence such an action, do not constitute abuse of process or the wrongful use of civil proceedings. *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 708 A.2d 283 (Me. 1998); *Pepperell Trust Co. v. Mountain Heir Financial Corp.*, 708 A.2d 651 (Me. 1998).

(5) The failure of Defendant Willis to pay the municipal assessments as against the Property (and which were in lieu thereof paid by the Plaintiff as protective advances) is in and of itself an event of default under and breach of the terms of the Mortgage.

(6) The amount due and owing to the Plaintiff pursuant to the terms of the Note and/or the Mortgage (excluding legal fees and costs) is the sum of $116,754.99, including a principal balance of $82,442.91, accrued interest of $25,488.76 (to October 31, 2002), accrued late charges of $1,716.96, NSF check charges in the amount of $25.00, property inspection costs in the amount of $750.00, property tax advances by the Plaintiff in the amount of $6,330.86, and with additional interest accruing at the rate of $16.04 per day.

(7) The Plaintiff is entitled as a matter of both contract and law to recover its reasonable attorneys' fees in connection with this action to foreclose the Mortgage. 14 M.R.S.A. §§ 6101, 6321. Using the guidelines set by the Law Court in (e.g.) *Villas By the Sea v. Garrity*, 2001 ME 93, the Court finds that the Plaintiff is entitled to include the sum of $ 20,000 as its reasonable attorneys' fees and costs incurred in this action through October 28, 2002, and which sum is part of the claim of the Plaintiff secured by the Mortgage. To specifically address what might appear to be a disparity between the amount of the claim and the legal fees awarded, the Court notes that the circumstances addressed in *First NH Banks Granite State v. Scarborough*, 615 A.2d 1316 (Me. 1997), and *Beaulieu v. Dorsey*, 562 A.2d 678 (Me.1989), appear equally present here. The alleged counterclaims of Defendant Willis and his asserted defenses, the factual premises for which were wholly absent by evidence at trial, caused the significant legal fees and costs incurred by the Plaintiff.

(8) The interests of the Defendants (including Arrowhead) in the Property are inferior and subordinate to the interests of the Plaintiff. 33 M.R.S.A. § 201.

In light of the foregoing specific findings of fact, and based on all of the evidence adduced, the Court hereby ORDERS and ADJUDGES a foreclosure of the Mortgage (as defined hereinabove) pursuant to 14 M.R.S.A. § 6322. If the Defendants, or their respective heirs, successors or assigns, do not pay to the Plaintiff the aggregate of the sums described in paragraphs (6) and (7) hereinabove, together with interest to the date of redemption and such additional attorneys' fees and costs as the

3

Plaintiff may incur, within ninety (90) days from the entry of this Order, or within such additional time as the Plaintiff may in its discretion allow, the Plaintiff shall proceed to a sale in accordance with 14 M.R.S.A. § 6321 et seq. The proceeds from the sale of the Property shall be disbursed as follows:

first, to the Plaintiff for all expenses, costs, reasonable attorneys' fees, and costs of sale incurred by the Plaintiff;

next, to the Plaintiff in the amount specified hereinabove as the sum due and owing to it pursuant to the Note and/or the Mortgage, including accruing interest, late charges, and any additional protective advances (including property taxes) such as the Plaintiff may be required to incur;

next, to Arrowhead in the amount due and owing to it by Defendant Willis as of the date of disbursement by the Plaintiff;

and last, to be paid to Defendant Willis or in accordance with any further Order of this Court.

The Court further finds, pursuant to M.R.Civ.P. 54(b)(2), that the Plaintiff's claim for attorneys' fees is integral to the relief sought. Accordingly, the Plaintiff may file a request for additional attorneys' fees and costs (in addition to those set forth hereinabove) within thirty (30) days after the entry of a final judgment following the filing by the Plaintiff of the report of sale pursuant to 14 M.R.S.A. § 6324.

The Plaintiff may pay into the Court any surplus from the sale of the Property pending the entry of an Order disbursing the same.

Further, and not in limitation of any other rights of the Plaintiff, in the event the Defendants shall fail to redeem the Property within the period of redemption and in accordance with the terms of this Order, any remaining right of the Defendants to possession of the Property shall terminate upon expiration of the period of redemption. 14 M.R.S.A. § 6323. In any event, the Plaintiff shall be entitled to possession of the Property upon expiration of the period of redemption and pending the public sale pursuant to 14 M.R.S.A. § 6323. Further, upon the request of the Plaintiff at any time after the expiration of the period of redemption the Clerk shall issue a writ of possession to the Plaintiff and for the Property.

If the proceeds of the public sale are insufficient to satisfy the amount adjudged to be due and owing to the Plaintiff pursuant to the Note and/or the Mortgage, the Plaintiff shall have the remedies for a deficiency as against Defendant Willis and including an execution on request provided that the statutory requirements are met.

For purposes of the findings required by 14 M.R.S.A. § 2401, the Court adopts and incorporates Exhibit A, annexed hereto, by

4

reference. The Plaintiff shall be responsible for effecting compliance with said statute.

Judgment is entered in favor of the Plaintiff and against Defendant Willis on all counts of his counterclaim.

The Clerk is directed to enter this Order and Judgment upon the docket by reference pursuant to M.R.Civ.P. 79(a).

Dated at Alfred, Maine this _____ day of _____, 2002.

12/2/02 _____
JUSTICE, SUPERIOR COURT

PLAINTIFF: Michael Haenn, Esq.
PO Box 915
Bangor Me 04402-0915

DEFENDANT: RICHARD WILLIS
Mark Kearns, Esq.
PO Box 1528
Wells Me 04090

DEFENDANT: LAKE ARROWHEAD COMMUNITY INC
Michael Traister, Esq.
MURRAY PLUMB AND MURRAY
PO Box 9785
Portland Me 04104-5085

5