STATE OF MAINE
~~HANCOCK~~, SS.
PENOBSCOT,

SUPERIOR COURT
Docket No. CV-12-50
~~JAN — PEN — 4/21/2013~~

TABITHA BEAL, et. al.          )
                    Plaintiffs,    )
                              )
          v.                  )      **Order on Plaintiffs' Motion to Strike**
                              )
NANCY ORDWAY, et. al.         )
                    Defendants.  )

A jury verdict was rendered in this case on February 12, 2013. Various motions were thereafter filed by the parties, and argument was had on these motions on March 13, 2013.

Plaintiffs have moved to strike settlement negotiations from the Court's consideration in connection with Plaintiffs' Motion for Attorney Fees, Costs and Damages. Plaintiffs also move to strike Defendant's belief as to how the Plaintiffs perceived the verdict in this case.

The Court will consider only the Offer of Judgment (and the $8,000.00 pre-suit tender of settlement on the UTP issues, see 5 M.R.S. §213(1-A)) in connection with the pending motions. The Court will not consider any other offers or settlement negotiations in connection with the pending motions.

The Court will not consider Defendant's belief as to the Plaintiffs' perception of the verdict being a "win" or "loss" in connection with the pending motions.

The Plaintiffs' Motion to Strike is granted in part and denied in part.

The Clerk shall incorporate this Order upon the docket by reference.

Dated: April 21, 2013

_____
Ann M. Murray, Justice
Maine Superior Court

1

STATE OF MAINE                                        SUPERIOR  COURT
~~HANCOCK~~, SS.                                       Docket No. CV-12-50
PENOBSCOT,


TABITHA BEAL, et. al.          )
                  Plaintiffs,  )
                               )
                               )
        v.                     )          **Order on Plaintiffs' Motion for**
                               )          **Judgment as a Matter of Law**
                               )          **and/or for a New Trial**
NANCY ORDWAY, et. al.          )
                  Defendants.  )


        A jury verdict was rendered in this case on February 12, 2013.  Plaintiffs
have moved for Judgment as a Matter of Law, pursuant to M.R.Civ.P. 50, and/or
for a new trial, pursuant to M.R.Civ.P. 59(a).  Defendants oppose the motions.

        Plaintiffs argued that they should be granted Judgment as a Matter of
Law and/or a New Trial because the Court did not direct a verdict for the
Plaintiffs on the issue of wrongful eviction, the Court did not properly instruct
the jury, the jury verdict has to be read as the jury having found that Defendant
Darlene Kenney was acting as the agent of Defendant Ordway, and the Court
improperly permitted certain testimony at the trial.

        While the Court did not direct a verdict for the Plaintiffs on the issue of
wrongful eviction, the jury found for the Plaintiffs on this issue.  The evidence at
the trial suggested different ways the Plaintiffs may, or may not, have been
wrongfully evicted.  One of these alternatives, was that Defendant Ordway – for
a very short period of time - conditioned the return of Plaintiffs' personal
property on the Plaintiffs paying the past due rent.  However, taking the
evidence in the light most favorable to the Defendant, as required at the
directed verdict stage of the proceeding, the jury could have found that, within
the context of this landlord-tenant relationship, the parties terminated the
tenancy before the incident in question. The Plaintiffs' arguments fail.

        Moreover, the jury verdict need not and should not be read as including a
finding that Defendant Darlene Kenney was an agent of Defendant Ordway.  An

1

agency instruction was given to the jury. The jury finding that Defendant Darlene Kenney was not an agent of Defendant Ordway or that Defendant Darlene Kenney acted outside the scope of the agency is supported by the evidence. With this finding, the remainder of the jury verdict is consistent.

While the jury verdict is not in accord with the arguments advanced by the Plaintiffs, it is consistent with the evidence.

The Court is not persuaded that its evidentiary rulings or instructions to the jury were in error.

Plaintiffs also argued that a new trial should be granted as the damages awarded to them are inadequate or they should be given the opportunity for an additur. The Court does not find the jury verdict to be inordinately low. The Jury's damage award is rational based on the evidence.

The Plaintiffs' Motion for a New Trial and/or Judgment is denied.

The Clerk shall incorporate this Order upon the docket by reference.

Dated: March 27, 2013
4·22-13 AMM

Ann M. Murray, Justice
Maine Superior Court

STATE OF MAINE                             SUPERIOR COURT
~~HANCOCK~~, SS.                               Docket No. CV-12-50
**PENOBSCOT,**

| | |
|---|---|
| TABITHA BEAL, et. al.        ) | |
|           Plaintiffs,    ) | |
|                      ) | |
|                      ) | **Order on Plaintiffs' Motion for** |
|      v.                   ) | **Damages on Wrongful Eviction** |
|                      ) | **and Unfair Trade Practices** |
|                      ) | **and for Attorney Fees & Costs** |
| NANCY ORDWAY, et. al.    ) | |
|          Defendants.  ) | |

This case was tried to a jury over multiple days in February, 2013, culminating in a jury verdict on February 12, 2013. The parties thereafter filed various motions, and argument was heard on these motions on March 15, 2013.

The jury verdict included the following:
Defendant Nancy Ordway was found liable to Plaintiffs Tabitha and Jarod Beal for:
1. Wrongful Eviction, and
2. Unfair Trade Practices.

Defendant Nancy Ordway was found liable to Plaintiffs Tabitha for:
1. Negligence

Defendant Darlene Kenny was found liable to Plaintiff Tabitha Beal for:
1. Assault and Battery,
2. Negligence, and
3. Negligent Infliction of Emotional Distress.

Defendant Nancy Ordway was found not liable to Plaintiff Tabitha Beal for Assault and Battery, Conversion, Negligent Infliction of Emotional Distress, Defamation/Malicious Prosecution and punitive damages, and not liable to Plaintiff Jarod Beal for loss of consortium.

Defendant Darlene Kenny was found not liable to Plaintiff Tabitha Beal for Defamation/Malicious Prosecution and punitive damages, and not liable to Plaintiff Jarod Beal for loss of consortium.

Defendant Greg Kenny was found not liable to Plaintiff Tabitha Beal for Assault and Battery, Negligence, Negligent Infliction of Emotional Distress, Defamation/Malicious Prosecution and punitive damages, and not liable to Plaintiff Jarod Beal for loss of consortium.

1

<u>Damages for Wrongful Eviction and UTP</u>

The parties agreed that the Court would determine the amount of damages to be awarded on the wrongful eviction and Unfair Trade Practices claims. Maine law provides that the remedies for wrongful eviction are one or both of the following:

A. The tenant is entitled to recover actual damages or $250.00, whichever is greater.

B. The tenant is entitled to recover the aggregate amount of costs and expenses determined by the Court to have been reasonably incurred on the tenant's behalf in connection with the prosecution or defense of such action, together with a reasonable amount of attorneys' fees.

*14 M.R.S. § 6014(2).*

The Unfair Trade Practices Act (UTP) provides the following with respect to the measure of damages for a violation of the UTP:

Any person ... may bring an action ... in the Superior Court ... for actual damages, restitution and for such other equitable relief, ..., as the court determines to be necessary and proper.

*5 M.R.S.§ 213(1).*

In this case, Plaintiffs suggest that all of the damages they asserted in connection with their other claims, including assault and battery, negligence, negligent infliction of emotional distress and loss of consortium, are also damages they suffered as a result of the wrongful eviction. In fact, Defendant Nancy Ordway, the landlord, was found not liable to Plaintiff Tabitha Beal for assault and battery. The jury rejected the Plaintiffs' argument that Defendant Darlene Kenny was an agent of the landlord and/or that she was acting within the scope of an agency, and this is a very significant finding for purposes of the Court's award of damages on the wrongful eviction and UTP claims. The Court is not persuaded that the damages awarded by the jury for assault and battery, negligence and negligent infliction of emotional distress are the same as the damages to be awarded for the wrongful eviction and UTP. In particular, the Court does not find that the medical expenses, lost wages (other than the ½ day as set forth below), pain and suffering or permanent impairment, "emanate" from the wrongful eviction.

The jury awarded Plaintiff damages of $5,500.00 for the claims of assault and battery, negligence, and negligent infliction of emotional distress. Damages on the wrongful eviction and the UTP were left for determination by the Court.

The damages to be awarded on the wrongful eviction and UTP claims are the "actual damages" caused by the wrongful eviction and the resulting unfair trade practice. *Reardon v. Lovely Dev'p*, 852 A. 2d 66 (Me. 2004)(actual damages is an amount that will compensate a tenant for losses sustained as a result of the statutory violation). The Court finds that the "actual damages" include the loss of personal property, unused rental days and ½ day of lost wages. While the Jury found in favor of Defendant Ordway on the conversion claim, the Court is satisfied that the Plaintiffs have not recovered all of their personal property. The Jury may well have found that the Plaintiffs failed to prove that they had demanded return of the property, a necessary element of the claim for conversion, but not a necessary element for damages from a wrongful eviction. The Court awards Plaintiffs $250.00 in damages on the wrongful

eviction and UTP counts for personal property, $103.23 for 4 days of rent ($800.00/31 days x 4 days), and $36.00 for ½ day of lost work (some delay occurred because of the paperwork the landlord wanted completed before Plaintiff could retrieve her personal property), for a total of $389.23 in actual damages for the wrongful eviction and UTP claims.

Attorney Fees and Costs
The wrongful eviction statute also provides the tenant is entitled to recover the aggregate amount of costs and expenses reasonably incurred on the tenant's behalf in connection with the prosecution or defense of "such" action, together with a reasonable amount of attorneys' fees. *14 M.R.S. §6014(2)*.

The UTP provides, in pertinent part:
If the court finds, in any action commenced under this section that there has been a violation of section 207, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorney's fees and costs incurred in connection with said action.
*5 M.R.S. §213(2)*.

Plaintiffs have argued that the statutory language in the wrongful eviction statute "in connection with the prosecution or defense of such action" permits them to recover attorney fees and costs incurred in connection with Tabitha Beal's defense of a criminal charge for which she was summonsed, but not otherwise prosecuted. Plaintiffs also argue that they are entitled to attorney fees in connection with such potential criminal action because the potential criminal action "emanated directly" from the eviction. The Court does not award any attorney fees or costs incurred in connection with Tabitha Beal's defense of herself in any potential criminal case. The wrongful eviction and UTP statutes provide that the fees and costs must be in connection with "such" action or "said" action, and the Court determines that "such" action in the wrongful eviction statute refers to the action for wrongful eviction and "said" action in the UTP refers to the UTP claim.

The Court must analyze costs from two perspectives: 1) costs to be considered in connection with the wrongful eviction and UTP counts, and 2) costs related to the entire lawsuit and considered pursuant to 14 M.R.S. §§ 1502-B and 1502-C. The wrongful eviction and UTP costs will be awarded only if such costs plus the damages, interest, and attorneys fees on those counts exceed the Offer of Judgment made in this case. There is necessarily some overlap in the consideration of costs. The costs pursuant to 14 M.R.S. §§1502-B and 1502-C will be awarded only if such costs plus the damages awarded on all counts and interest exceed the Offer of Judgment, or if the Offer of Judgment is not exceeded, Plaintiffs will only be awarded such costs as were incurred prior to the Offer of Judgment.

For purposes of costs in connection with the wrongful eviction and UTP claims, while these fees are in common with the other claims, these fees would reasonably have been incurred on the wrongful eviction and UTP claims alone. The Court finds the following to be reasonable costs and expenses in connection with the wrongful eviction

and UTP claims: $150 filing fee, $300 jury trial fee, $77.18 service of process, $15.00 summons, $315.00 ADR fee, $5.00 Registry of Deeds fees, and $604.00 in deposition fees. The Court finds some amount of Steve Pickering's time is attributable to the wrongful eviction and UTP claims, but the Court is unable to determine the amount of fees as the Affidavit does not separate the time and there has been no percentage estimate of the time. See *Beaulieu v. Dorsey,* 562 A. 2d 678 (Me. 1989)(affidavits and bills should separate the costs of pursuing the UTPA claim from those incurred for other claims).[1] Thus, the total costs in connection with the wrongful eviction and UTP claims total $1,466.18.[2]

Attorney N.L. Willey's attorney fees for the civil action total $48,441.50, plus $1,079.00 in defending Plaintiff in a potential criminal action.[3] Attorney E. Willey submitted an Affidavit for attorney fees totaling $5,596.50, and Attorney Dale Thistle submitted an Affidavit of attorney fees totaling $4,801.50.[4] Attorney L. Willey strongly and enthusiastically litigated the Beals' wrongful eviction action and UTP claim along with several other claims. Plaintiffs' attorneys' time was not recorded or allocated per count of the seven (7) count complaint. In his submission, Attorney N.L. Willey asserted that 100% of his attorney fees were incurred in connection with the wrongful eviction and the UTP because the other claims "emanated" from the wrongful eviction and UTP claims. The Court does not accept the argument that 100% of the attorney time was spent on the wrongful eviction and UTP claims or that the other claims "emanated" from the wrongful eviction and UTP claims.[5] Thus, the Court is left with a $48,441.50 request for attorney fees without any allocation of time for the counts for which attorneys fees might be awarded. As the Court stated in *Beaulieu v. Dorsey,* 562 A. 2d 678 (Me. 1989): "[n]ormally, the person seeking costs should provide affidavits and bills which separate

---

[1] While under certain circumstances the Court might rely on an estimate of the percentage of time spent on the various counts of a complaint, in this case, the Court does not accept Plaintiff's assertion that 100% of everything "emanates" from the wrongful eviction, and 100% is the only estimate that has been offered. Even if it were appropriate to do so, the Court would not able to extrapolate the reasonable time that might have been spent by the private investigator on the wrongful eviction and UTP claims. The Court also would not find the extensive time Mr. Pickering spent monitoring the trial to be reasonably "charged" to the Defendants.

[2] The Court does not find that any costs related to Attorney Merrill are appropriate. Plaintiffs attempted to have Attorney Merrill testify in front of the jury to, in essence, tell the jury about landlord-tenant law and to apply the law to the facts in the case. The Court determined that such "expert" testimony was clearly inappropriate under the circumstances of this case.

[3] All Defendants were found not liable on the malicious prosecution claims. The Court does not find defense of what did not become a criminal charge "emanated" from the wrongful eviction.

[4] Attorney E. Willey's time and Attorney Thistle's time relates solely to trial time. However, Attorney Thistle did not participate in the trial at all, although he did sit in the public section of the courtroom for portions of the trial. Attorney E. Willey sat at counsel table during the trial and participated in conferences with the Court; however, he did not examine any witnesses or present the opening or closing arguments. Additionally, Attorney N.L. Willey's bill does not separate his time from the time of an associate attorney and a paralegal, thus preventing the Court from being able to further analyze the bill.

[5] While under some circumstances, the Court might rely on an attorney's estimate of the time spent on various counts of a complaint, in this case, the Court does not accept the 100% assertion and that is the only estimate that has been offered.

the costs of pursuing the UTPA claim from those incurred in pursuing a remedy not available under the Act." The Defendant in *Beaulieu* did not object to the Plaintiff's accounting and therefore the Law Court reviewed the trial court's award of attorneys fees for obvious error. Unlike the Defendant in *Beaulieu*, however, Defendant Ordway in this case has objected to the Plaintiffs' failure to separate their fees and costs for the wrongful eviction and UTPA claims from the other claims they asserted in their lawsuit.

Defendants have argued that the Court should reject the Affidavits as none of them separate the wrongful eviction and UTPA claims from the other claims. The Court agrees that there is no way for it to determine, based on the affidavits, what fees were incurred in connection with the wrongful eviction and UTPA claims.[6] Thus, whether or not the Offer of Judgment is applied, no attorneys fees are awarded pursuant to the wrongful eviction and UTP claims.

Alternatively, the Court considers whether any of the mechanisms that permit a defendant to limit her exposure to attorney fees and costs under the wrongful eviction and UTP statutes have application in this case.[7] Both the Maine Rules of Civil Procedure and the UTP statute provide such mechanisms.

An Offer of Judgment, pursuant to M.R.Civ.P. 68, provides as follows:
At any time more than 10 days before the trial begins ...a party defending against a claim may serve upon an adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. ... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

The UTP provides:
At least 30 days prior to the filing of an action for damages, a written demand for relief, identifying the claimant and reasonably describing the unfair and deceptive act or practice relied upon and the injuries suffered, must be mailed or delivered to any prospective respondent at the respondent's last known address. A person receiving a demand for relief, or otherwise a party to any litigation arising from the claim that is the subject of the court action, may make a written

---

[6] If the Court were to extrapolate from the Plaintiffs' attorneys bills, it might estimate that approximately $4,500 to be the reasonable attorney fees in connection with the wrongful eviction and the UTP claims. This extrapolation is not based on a particular line-item analysis of the fees, but rather is an analysis of the fees as a whole, and the Court's observation of the trial time devoted to the wrongful eviction and UTP claims

[7] Plaintiff has argued that Rule 68 cannot eliminate an award of attorney fees as the wrongful eviction statute specifically provides for an award of attorney fees (yet, the UTP specifically references Offers of Judgment, see 5 M.R.S. §213-(1-A)). While the Court does not accept this argument, the final result in this case would be the same whether Rule 68 is deemed to limit attorneys fees or not as the Court cannot determine the amount of reasonable attorney fees that are related to the wrongful eviction and UTP claims, and not to the other asserted claims (on which the Court is satisfied a far greater amount of time and effort was expended).

tender of settlement or, if a court action has been filed, an offer of judgment. If the judgment obtained in court by a claimant is not more favorable than any rejected tender of settlement or offer of judgment, the claimant may not recover attorney's fees or costs incurred after the more favorable tender of settlement or offer of judgment. ...

*5 M.R.S.§ 213(1-A)*

The Notice of Claim in this case was signed by Tabitha Beal on April 6, 2011. The Notice provided as follows:

Notice of Claim is hereby given for injuries and damages sustained by Tabitha Beal while trying to retrieve personal property from a rental home owned by Nancy Ordway, she was assaulted by Darlene and Gregory Kenny, two people hired by Nancy Ordway to clean the rental home on or about 3/28/11 in Dedham, Maine.

Plaintiffs also submitted a "settlement package" to Defendant's representative prior to institution of suit, which resulted in an $8,000.00 offer by the Defendants (which is relevant only to the UTP claim as the UTP statute references a written tender of settlement). See *5 M.R.S. §213(1-A)*.

Most importantly, on or about January 14, 2013, the Defendant Nancy Ordway served an Offer of Judgment on the Plaintiffs, and it provided in pertinent part as follows:

Defendant hereby offers Plaintiff the total sum of Ten Thousand Dollars and No Cents ($10,000.00) of new money, in addition to any sums previously paid, inclusive of all interest, costs and attorneys fees, to allow judgment to be taken against the Defendant Nancy Ordway on all counts as alleged in the Plaintiffs' complaint, as amended, subject to the provisions set forth in Rule 68 of the Maine Rules of Civil Procedure.

Assuming without deciding that attorney fees and costs must be added to the damage award before the efficacy of an Offer of Judgment can be determined, the Court finds that the Defendant's Offer of Judgment was sufficient to eliminate the Plaintiffs' claim for attorney fees and costs as set forth above. The Offer of Judgment offered $10,000.00 "inclusive of all interest, costs and attorney fees" to settle the case. The actual damages of $389.23, and costs of $1,466.18, and interest, do not exceed $10,000.00; thus, attorneys fees and costs are not awarded to the Plaintiffs pursuant to the wrongful eviction and UTP statutes. Moreover, even if the Court added its extrapolation of attorneys' fees of $4,500.00 to the actual damages, costs and expenses, the total still would not exceed the Offer of Judgment.

The Court must now consider costs pursuant to 14 M.R.S. §§ 1502-B and 1502-C. The Court is satisfied that the Plaintiffs were the "prevailing parties". They clearly "prevailed" as to liability on the wrongful eviction and UTP claims. Plaintiff Tabitha Beal also prevailed against two defendants on her negligence claim and against one defendant on her assault and battery claim. While Plaintiffs did not recover nearly the amount of money for which they argued, they "prevailed" on the wrongful eviction and UTP, and Plaintiff Tabitha Beal prevailed on the negligence count against Defendant

6

Nancy Ordway, and on the assault and battery and negligent counts against Defendant Darlene Kenny.

Maine statutes provide that the following costs shall be allowed to prevailing parties unless the court otherwise specifically directs: filing fees, fees for service of process, attendance fees and travel costs paid to witnesses, travel expenses for the prevailing party or his/her attorney of record, and costs as the Supreme Judicial Court may direct by rule. 14 M.R.S. §1502-B. With respect to such costs, the following are considered: $150 filing fee, $300 jury trial fee, $77.18 service of process, $15.00 summons, $315.00 ADR fee (see M.R.Civ.P. 16B(d)(2)), $31.00 witness fee for Shane Campbell, $14.56 witness fee for Kathy Beal (Jarod Beal's mother) and $14,56 witness fee for Spencer Sally, for a total of $917.30 in costs pursuant to 14 M.R.S. §1502-B.

The discretionary costs permitted by statute, as determined just and reasonable, include: reasonable expert witness fees and expenses as allowed by 16 M.R.S. §251 (expert fee for *trial*), costs of medical reports, visual aids, and costs of depositions. *14 M.R.S. § 1502-C.* The Court finds the following to be reasonable discretionary costs permitted by 14 M.R.S. §1502-C: $400.00 Dr. Collins expert fee for trial, $400.00 Dr. Andrew expert fee for trial, $300.00 Ms. Bouton-Semmel expert fee for trial, $604.00 for deposition costs, and $100 for visual aids, as that term is defined in 14 M.R.S. §1502-C.. In its discretion, the Court considers $1,804.00 to be the total just and reasonable costs, pursuant to 14 M.R.S. §1502-C.

The Judgment for the Plaintiff plus costs ($389.23 + $5,500.00 + $917.30 + $1,804.00 = $8,610.53) is not more favorable than the Offer of Judgment, thus, Plaintiff must pay the costs incurred after the making of the Offer of Judgment. M.R.Civ.P. 68. Plaintiff's costs incurred before the making of the Offer of Judgment total $1,029.18 ($150.00 filing fee, $300.00 jury trial fee, $77.18 service of process, $15.00 summons, $315.00 ADR fee, $172.00 deposition costs, and costs of $1,029.18 are awarded to the Plaintiff.

Defendant Nancy Ordway is not a "prevailing party", and, therefore, her request for costs pursuant to 14 M.R.S. §1502-C is denied.

Defendant Greg Kenny claims costs as well. While Greg Kenny prevailed on all the claims against him, his costs are identical to the costs of his wife, Darlene Kenny, who was not a "prevailing party". The Court exercises it's discretion not to award costs/to waive costs to Defendant Greg Kenny. See *14 M.R.S. §§1502-C and 1502-D*

The Clerk shall incorporate this Order upon the docket by reference.

Dated: April 22, 2013

_____
Ann M. Murray, Justice
Maine Superior Court

7

STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT, BANGOR
DOCKET: BANSC-CV-2012-0050

TABITHA BEAL and **JAROD** ]
**BEAL**, ]
  Plaintiffs, ]             JUDGMENT
      v. ]
**NANCY ORDWAY**, *et al*, ]
  Defendants. ]

Judgment is entered as follows:

## COUNT I

a) Wrongful Eviction:

    i. Judgment for **Plaintiffs** Tabitha Beal and Jarod Beal on Plaintiffs' wrongful eviction claim against Nancy Ordway.

    ii. Judgment for **Defendant** Greg Kenny on Plaintiff's wrongful eviction claim against Defendant Greg Kenny.

    iii. Judgment for **Defendant** Darlene Kenny on Plaintiff's wrongful eviction claim against Defendant Greg Kenny.

b) Conversion: Judgment for **all Defendants** on Plaintiffs' conversion claims.

c) Remainder of Count I: Judgment for **all Defendants** on all remaining claims in Count I.

## COUNT II

Judgment for **all Defendants** on Count II.

## COUNT III

a) Assault and Battery:

    i. Judgment for **Defendant** Ordway on Plaintiff Tabatha Beal's assault and battery claim against Defendant Ordway.

    ii. Judgment for **Defendant** Greg Kenny on Plaintiff Tabatha Beal's assault and battery claim against Defendant Greg Kenny.

    iii. Judgment for **Plaintiff** Tabitha Beal on Tabatha Beal's assault and battery claim against Defendant Darlene Kenny.

R1159192

1

## COUNT IV

a) <u>Negligence</u>:

    i. Judgment for **Plaintiff** Tabitha Beal on Plaintiff Tabatha Beal's negligence claim against Defendant Ordway.

    ii. Judgment for **Defendant** Greg Kenny on Plaintiff Tabatha Beal's negligence claim against Defendant Greg Kenny.

    iii. Judgment for **Plaintiff** Tabitha Beal on Plaintiff Tabatha Beal's negligence claim against Defendant Darlene Kenny.

## COUNT V

a) <u>Negligent Infliction of Emotional Distress</u>:

    i. Judgment for **Defendant** Ordway on Plaintiff Tabatha Beal's negligent infliction of emotional distress claim against Defendant Ordway.

    ii. Judgment for **Defendant** Greg Kenny on Plaintiff Tabatha Beal's negligent infliction of emotional distress claim against Defendant Greg Kenny.

    iii. Judgment for **Plaintiff** Tabitha Beal on Plaintiff Tabatha Beal's negligent infliction of emotional distress claim against Defendant Darlene Kenny.

## COUNT VI

a) <u>Defamation</u>: Judgment for **all Defendants** on Plaintiff Tabatha Beal's defamation claims.

b) <u>Malicious Prosecution</u>: Judgment for **all Defendants** on Plaintiff Tabatha Beal's malicious prosecution claims.

c) <u>Remainder of Count VI</u>: Judgment for **all Defendants** on all remaining claims in Count VI.

## COUNT VII

a) <u>Unfair or Deceptive Trade Practices</u>:

    i. Judgment for **Plaintiffs** on Plaintiffs' claim for unfair or deceptive trade practice against Defendant Ordway.

    ii. Judgment for **Defendant** Greg Kenny on Plaintiffs' claim for unfair or deceptive trade practice against Defendant Greg Kenny.

iii. Judgment for **Defendant** Darlene Kenny on Plaintiffs' claim for unfair or deceptive trade practice against Defendant Darlene Kenny.

b) <u>Remainder of Count VII</u>: Judgment for **all Defendants** on all remaining claims in Count VII.

## COUNT VIII

<u>Loss of Consortium</u>: Judgment for **all Defendants** on Plaintiff Jarod Beal's claim for loss of consortium.


It is hereby ORDERED that damages are awarded to **Plaintiffs Tabitha and Jarod Beal** as follows:

<u>Illegal Eviction</u> (14 M.R.S. § 6014(2)(A)) and <u>Unfair or Deceptive Trade Practices</u> (5 M.R.S. § 213): Damages are awarded against Defendant Ordway, in the amount of:

$ _389.23_ (actual damages)

$ _0.—_ (attorneys' fees and costs)

It is hereby ORDERED that damages are awarded to **Plaintiff Tabitha Beal** as follows:

As against Defendant Darlene Kenney: <u>Assault and Battery</u>; <u>Negligence</u>; and <u>Negligent Infliction of Emotional Distress</u>, and

As against Defendant Nancy Ordway: <u>Negligence</u>,

in the amount of:

$ <u>5,500.00,</u> jointly and severally.

### Costs

<u>$ 1,029.18 in favor of Plaintiff Tabitha Beal against Defendant Nancy Ordway and Defendant Darlene Kenny, jointly + severally.</u>


Pursuant to Rule 79(a) M.R. Civ. P., the clerk is directed to incorporate this judgment on the docket by reference.

Dated: 4/22/13

_____
Justice, Maine Superior Court

R1159192

3